Reginald **LITTLETON**, Appellant,

v.

The **STATE** of Texas, Appellee.

**No. 06–00–00026–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Sept. 14, 2000.

Decided Sept. 14, 2000.

George Walker, Lufkin, for appellant.

Clyde M. Herrington, Dist. Atty., Albert John Charanza, Asst. Dist. Atty., Lufkin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Reginald Littleton appeals from his conviction for the offense of possession of a controlled substance. He pleaded guilty and the court sentenced him, pursuant to a plea bargain agreement, to sixteen years' imprisonment.

Littleton raises six points of error in which he contends for various reasons that his plea of guilty was involuntary or that his plea was taken in an improper manner.

Littleton had filed a waiver of the right to a jury trial. At the beginning of the hearing, which was to be on his guilty plea, the court was informed that Littleton had changed his mind. The court asked Littleton if he wanted a jury trial, and Littleton told the court that he did. The court then stated that he would have a jury panel brought down · to begin trial. Littleton stated that he was not prepared to go to trial, because he wanted to retain other counsel. The court denied his motion to release his attorney (and counsel's motion to withdraw).

As the hearing continued, it became clear that the case had on an earlier date

been set for a jury trial and that Littleton had waived his right to a jury. Then, with the case set for a plea hearing, Littleton changed his mind and again asked for a jury. The result was not so simple, however. The trial court spent a substantial amount of time attempting to force Littleton to decide whether he wanted a jury. Littleton steadfastly avoided answering. The court presented a motion to withdraw his waiver of a jury trial to Littleton. He refused to sign it. Because he refused to do so, the court recognized that the last written statement by Littleton reflected that he waived his right to a trial by jury.[1]

The court then asked Littleton to plead to the offense, recognizing that the case had been set for a guilty plea. Littleton refused to plead. The court then entered a plea of not guilty on his behalf and called the case to trial. The State called its first witness. As that witness was testifying, Littleton fell to the floor, an ambulance was called, and at 9:36 a.m., the court called a recess. The trial was resumed at 3:25 p.m. At that time, Littleton informed the court that he wished to change his plea to guilty. The court then admonished him about the consequences of his plea and the range of punishment for the charged offense.

Because of Littleton's intransigence, the trial court discussed at length the ramifications of a guilty plea, and questioned Littleton carefully about his understanding of the plea. The trial court then reminded Littleton about the waiver of rights involved in a guilty plea under the plea bargain agreement (one of which was the waiver of his right to appeal) and questioned him about his understanding of those waivers and his continuing intention to plead guilty. The court eventually concluded that Littleton understood, and Littleton pleaded guilty. After a similar

1. Counsel informed the court that he had planned for a later hearing on punishment after a presentence investigation was completed and had a request issued to a Mississippi district court to require a witness (suggested by Littleton) to appear before the court at punishment. Counsel stated that he was not ready to proceed with that phase of the proceeding because the requested witness was not present.

discussion explaining the enhancement allegation against him, Littleton pleaded true to the prior conviction. The court found Littleton guilty and sentenced him to sixteen years' imprisonment in accordance with the plea bargain agreement.

■ The first question is whether the appeal is properly before this Court. The general rule is that a defendant in any criminal action has the right of appeal. *See* TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979). If the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2000), and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must specify: (1) that the appeal is for a jurisdictional defect, (2) that the substance of the appeal was raised by written motion and ruled on before trial, or (3) that the trial court granted permission to appeal. *See* TEX.R.APP. P. 25.2(b)(3).

The notice of appeal specifies that the appeal is based on matters raised by written motion and ruled on before trial. Further, this Court has held that the voluntariness of the plea may be raised as well. Thus, several of the issues raised in this appeal are properly before this Court.

■ Before we can reach those issues, however, we must also determine whether Littleton has effectively waived his right to pursue this appeal as a condition of his plea bargain agreement with the State. A criminal defendant may waive many rights, including the right to appeal. *See Smith v. State*, 858 S.W.2d 609, 611 (Tex.App.-Amarillo 1993, pet. ref'd) (*citing Faulder v. Hill*, 612 S.W.2d 512, 514 (Tex.Crim.App. 1980)).

Until recently, the cases uniformly held that it is premature to waive the right to appeal prior to trial or sentencing because a defendant has no way of knowing with certainty either the errors that might occur at trial or what punishment would be assessed. Thus, before a waiver could be effective, a defendant must be able to make it knowingly and intelligently and with certainty as to what punishment would be assessed. *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim.App.1977); *Doyle v. State*, 888 S.W.2d 514, 518 (Tex. App.-El Paso 1994, pet. ref'd); *Smith*, 858 S.W.2d at 611.

*Thomas* was recently overruled by the Court of Criminal Appeals. Affirming this Court's opinion, the Court of Criminal Appeals held in *Blanco v. State*, 18 S.W.3d 218 (Tex.Crim.App.2000), that a waiver of appeal made as a condition of a plea bargain agreement before sentencing occurs is valid. In the underlying opinion, *Blanco v. State*, 996 S.W.2d 345, 348 (Tex.App.-Texarkana 1999), *aff'd*, 18 S.W.3d 218 (Tex. Crim.App.2000), we had joined several other courts of appeals, reasoning that the concerns set out in *Thomas* no longer existed under the present state of the law. We recognized in that appeal that, under the present rules, a premature notice of appeal is effective and that the defendant knows if the court accepts his plea, the negotiated punishment will be assessed (and if not, he can withdraw his plea). We further concluded that, at the point of waiver, a defendant could not state that he was unaware of the errors that might be committed during his trial because he did not waive his right to appeal until after the trial had reached its conclusion and, in that case, the jury had already found the defendant guilty. All that remained was the issue of punishment, and by agreeing to a fixed punishment, the defendant removed any source of error.

Littleton does not argue that he did not knowingly and voluntarily enter into the plea agreement (although he does argue that he did not want to enter any plea on that particular date) nor does he argue that he was unaware of the waiver provision of that plea agreement. The question is whether a written waiver of the right to appeal, signed on the ' day of trial and discussed along with the admonishments of

the court in accepting the guilty plea and entered concurrently with the plea of guilty, is effective.

There are substantial similarities between this case and *Blanco*. Littleton had a right to appeal, and a premature notice of appeal would have been effective. Littleton knew with certainty what punishment would be assessed-and that he could withdraw his plea if the court did not act in accordance with that agreement. The proceeding had reached its conclusion, and the court reiterated the various waivers before the guilty plea was accepted and the court found him guilty.

We recognize that the Court of Criminal Appeals has explicitly held as a matter of law that a waiver of right of appeal made *prior to trial* cannot be made knowingly and intelligently and that such a waiver is therefore not binding on a defendant. *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex. Crim.App.1976). This case does not involve a pretrial waiver, and by the point at which the waiver was made effective, the proceeding was effectively over-lacking only the formal acceptance of the plea and the court's adjudgment of guilt to be complete.[2] We think that, under these facts, the waiver was effective and Littleton should be held to his plea bargain agreement. The appeal is dismissed.

---

2. The Fifth Circuit has similarly addressed waivers of the right to appeal during a plea proceeding. That court requires that such waivers must be informed and voluntary, and finds waivers made as a part of the plea proceeding and reviewed by the court in accepting a plea bargain sufficient. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir.1992). Further, that court does not require that the proposed sentence be an exact number, as is typical in state cases, but finds sufficient specificity when the court informs the defendant of its right to depart from guideline sentencing ranges. *Id.* In such a case, the uncertainty of the sentence does not render a waiver uninformed. *Id.* at 568. The key question is instead whether the defendant knew whether he had a right to appeal his sentence and was giving up that right. *Id.*