Robert Glenn LACY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–01–00145–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 9, 2001.

Charles G. Kingsbury, Webster, TX, for Appellant.

Calvin Hartmann, Assistant District Attorney, Houston, TX, for the State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION

NUCHIA, Justice.

Appellant pleaded no contest to driving while intoxicated after the trial judge denied his motion to suppress evidence. At the time of his plea, appellant signed a document that provided, in part, as follows:

I understand that ... if the court does not exceed the agreed recommendation in assessing punishment that my right to appeal my conviction will be limited to matters raised by written motion and ruled upon before trial unless the Court gives permission to raise other matters.... In addition to the above, I understand that if the judge does not follow the plea bargain, I will be allowed to withdraw my plea. **I further understand that even though the judge may follow any plea bargain agreement, I still have a right to appeal. Understanding that I have a right of appeal, however, and as part of my plea bargain agreement, I knowingly and voluntarily waive that right of appeal in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.**

(Emphasis added.) The document also included the following signed statement of appellant's counsel:

I have consulted with the defendant whom I have found to be competent and to whom I have fully explained all of the matters contained in this instrument.

The trial judge signed a statement in the same document that provided, in part:

The Court finds that the defendant is competent and that the plea was entered only after the defendant knowingly, intelligently, and voluntarily waived the

right to a trial by jury and all other rights set out above.

The trial judge found appellant guilty of driving while intoxicated. Following the plea agreement, the trial judge assessed punishment at 180 days in jail, probated for one year, and a fine of $500.

Although appellant waived the right to appeal, appellant's counsel filed a notice of appeal that stated the appeal was from the denial of the motion to suppress. We hold the appeal must be dismissed.

■ A defendant in a noncapital case may waive any rights secured him by law, including the right to appeal. TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (Vernon Supp. 2001); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex.Crim.App.2000); *Littleton v. State*, 33 S.W.3d 41, 43 (Tex.App.—Texarkana 2000, pet. ref'd).

In *Buck v. State*, 45 S.W.3d 275, 278 (Tex.App.—Houston [1st Dist.] 2001, no pet.), this Court held that, in a plea—bargained case in which the trial court followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal conditioned on the trial court's acceptance of the plea bargain agreement was valid and enforceable. *See also Blanco*, 18 S.W.3d at 219–20; *Alzarka v. State*, 60 S.W.3d 203, —— (Tex.App.—Houston [14th Dist.] 2001, no pet. h.); *Bushnell v. State*, 975 S.W.2d 641, 642–44 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd); *Littleton*, 33 S.W.3d at 43–44.

■ Appellant waived his right to appeal as part of his plea bargain agreement and in exchange for the State's recommendation, if the punishment assessed by the trial court did not exceed the agreement. According to the statement of appellant's counsel, he had consulted with appellant and had fully explained to him all matters contained in the document, which included

waiver of the right to appeal. The trial judge's statement was that appellant's plea was entered only after appellant had knowingly, intelligently, and voluntarily waived all rights set out in the document. The trial judge followed the plea bargain agreement in assessing punishment.

Accordingly, we hold appellant waived the right to appeal. We order the appeal dismissed.