NO. 07-00-0501-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 1, 2001

______________________________

RAUL GARZA,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 180
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 847,303; HON. DEBBIE STRICKLIN, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Raul Garza (appellant) appeals his conviction for engaging in organized criminal activity.  Through seven issues, he contends that his judicial confession was insufficient to support his conviction and that the trial court erred by failing to quash the indictment.  In response, the State contends, among other things, that appellant waived his right to appeal and that the appeal should be dismissed.  For the following reasons, we dismiss the appeal.

Background

Appellant was indicted for engaging in organized crime.  Effort was made to quash the indictment; however, the trial court denied appellant’s motion on April 13, 2000.  Thereafter, the State re-indicted appellant for the same crime and dismissed the original charging instrument.  On July 24, 2000, appellant and the State entered into a plea bargain wherein appellant agreed to plead guilty to the pending indictment in exchange for the State recommending a sentence of five years.  Contained in the written plea agreement was the following provision:

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 5 years ... and I agree to that recommendation.  I waive any further time to prepare for trial to which I or my attorney may be entitled.  Further, 
I waive any right of appeal which I may have should the court accept the foregoing plea bargain
 between myself and the prosecutor. 

(Emphasis added).  Also found within the instrument was the following signed statement of appellant's counsel:

I represent [appellant] . . . I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him.  I believe that he is competent to stand trial, I agree to the prosecutors recommendation as to punishment . . . .

And, at the end of the plea instrument appeared the following declaration executed by the trial judge:

After I admonished [appellant] of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney.  It appears that [appellant] is mentally competent[,] and the plea is free and voluntary.  I find that [appellant’s] attorney is competent and has effectively represented [appellant] in this case.  I informed [appellant] that I would not exceed the agreed recommendation as to punishment.

Finally, the trial judge accepted appellant’s plea of guilty, found him guilty of the charged offense, sentenced him to the five years recommended by the prosecutor, and signed a judgment incorporating the foregoing.  And, when asked to set bond on appeal, the court wrote on appellant’s notice of appeal that it did “not give permission  to appeal.”

Waiver

A defendant in a noncapital case may waive any right secured him by law, including the right to appeal.  
Tex. Code Crim. Proc. Ann. 
art. 1.14(a) (Vernon Supp. 2001);  
Blanco v. State
, 18 S.W.3d 218, 219-20 (Tex. Crim. App.2000); 
Littleton v. State
, 33 S.W.3d 41, 43 (Tex.App.--Texarkana 2000, pet. ref'd); 
Freeman v. State
, 913 S.W.2d 714, 717 (Tex. App.–Amarillo 1995, no pet.).  In other words, when a defendant expressly waives his right to appeal as a condition of a knowing and voluntary plea bargain and the punishment ultimately levied comes within that recommended by the State in the bargain, appellant has lost his right to appeal.  
Blanco v. State
, 18 S.W.3d at 219-20;  
Buck v. State
, 45 S.W.3d 275, 278 (Tex.App.--Houston [1st Dist.] 2001, no pet.)
.  

Here, as part of the plea bargain, appellant expressly waived his right to appeal conditioned upon the trial court’s acceptance of the plea bargain.  Given that the punishment levied upon appellant comported with that recommended by the State, the trial court undoubtedly accepted the terms of the plea bargain.  So too did it determine that appellant’s plea was knowing and voluntary before accepting the plea and assessing the punishment recommended by the State.  Consequently, appellant’s waiver of his right to appeal is not only valid but also enforceable.  In short, he relinquished his right to appeal. 

Accordingly, we grant the State’s motion to dismiss and dismiss the appeal. 

Per Curiam

Do not publish.