Opinion issued April 11, 2002







 


 


 


In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00123-CR

____________


GEORGE RANDALL THEOBALD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 887056






O P I N I O N

 Appellant was charged with forgery of a commercial instrument. Pursuant
to a plea bargain agreement, he pleaded no contest to a reduced charge of Class A
misdemeanor forgery and was sentenced to one year in jail. Appellant signed a
written waiver of his right to appeal if the trial court accepted the plea bargain
agreement. 

 Despite having waived the right to appeal, appellant filed a notice of appeal.
We hold the appeal must be dismissed. Appellant's notice of appeal states that the
appeal is for a jurisdictional defect. (1) However, it is apparent from the record that the
trial court had jurisdiction, and the record before us supports the presumption that the
plea was voluntary. Therefore, appellant's waiver of the right to appeal was effective. 
See Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no
pet.); see also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000);
Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex. App.--Houston [14th Dist.] 1998,
pet. ref'd); Littleton v. State, 33 S.W.3d 41 (Tex. App.--Texarkana 2000, pet. ref'd).

 Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.
1. See Tex. R. App. P. 25.2(b)(3)(A). Because appellant was convicted of a
misdemeanor, the extra-notice requirements for a notice of appeal contained
in Rule 25.2(b)(3) do not apply. See Lemmons v. State, 818 S.W.2d 58, 63
(Tex. Crim. App. 1991).