Opinion issued July 18, 2002








 


 


In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-00322-CR

 01-02-00323-CR

____________


CALVIN MAURICE BRADLEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court

Waller County, Texas

Trial Court Cause Nos. 10647 and 10648






MEMORANDUM OPINION

 Appellant was charged with tampering with physical evidence and with
possession with intent to deliver cocaine, weighing four grams or more but less than
200 grams. After denial of his motion to suppress, on December 7, 2001, appellant
entered into a plea bargain agreement with the State in which the State's punishment
recommendation would be that appellant: (1) be sentenced to 20 years confinement
in each case to run concurrently, (2) check in at the jail at 5:00 p.m. on January 2,
2002, and (3) pay court costs of $241.25 in each case.

 As part of that agreement, appellant waived in writing his right to file a
motion for new trial and to appeal. The documents in question read, in pertinent part:

 Defendant agrees to plead guilty to the above specified offense(s),
true to enhancement and special issues, if any, in the indictment
or information, judicially confess, and waive any right to a motion
for new trial and appeal.

. . .


 Having been informed of whatever right to pursue a motion for
new trial and appeal may exist, and having agreed to waive those
rights, and after having consulted with my attorney, I hereby
voluntarily, knowingly and intelligently waive those rights.


Those portions of the documents were signed by appellant and his counsel under oath. 
The trial judge signed a statement that read:

 The Court consents to and approves the foregoing waivers and
consents to the stipulation and introduction of evidence. After
having agreed to assess punishment consistent with the plea
agreement, the Court hereby finds that the Defendant understands
the consequences of waiving the right to a motion for new trial
and appeal. The Defendant voluntarily, knowingly and
intelligently waived such right. Said waiver is accepted by the
Court.


Appellant pleaded guilty in each case, and the trial court followed the terms of the
plea bargain agreement in assessing punishment.

 Despite having waived the right to appeal, appellant filed a pro se notice of
appeal in each case. His appellate counsel then filed amended notices of appeal that
stated the appeals were from the denial of the motion to suppress. Because appellant
waived under oath any right to appeal as part of his plea bargain agreement, and
because the trial judge followed that agreement, we hold appellant's waiver of his
right to appeal was valid and enforceable. See Lacy v. State, 56 S.W.3d 287, 288
(Tex. App.--Houston [1st Dist.] 2001, no pet.); Buck v. State, 45 S.W.3d 275, 278
(Tex. App.--Houston [1st Dist.] 2001, no pet.); see also Blanco v. State, 18 S.W.3d
218, 219-20 (Tex. Crim. App. 2000); Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex.
App.--Houston [14th Dist.] 1998, pet. ref'd); Littleton v. State, 33 S.W.3d 41, 44
(Tex. App.--Texarkana 2000, pet. ref'd).

 Accordingly, we order the appeals dismissed.

 All pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Schneider, and Justices Nuchia and Radack.

Do not publish. Tex. R. App. P. 47.