**Brian Keith WALTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–02–00131–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 28, 2002.

Decided Oct. 29, 2002.

Brian Keith Walton, pro se.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for The State of Texas.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Brian Keith Walton was convicted in the 339th Judicial District Court of Harris County, Texas, of the offense of possession of cocaine, less than one ounce. Walton was found guilty of a state jail felony pursuant to a plea agreement and sentenced to seven months' incarceration. Walton was represented by appointed counsel. As part of the plea agreement, he waived his right to have a court reporter present. Although the agreement does not contain an explicit waiver of the right to appeal, there is a stamped notation on the judgment itself that reads, "Appeal waived. No permission to appeal granted."

Walton has filed a notice of appeal pro se and requested appointment of counsel for appeal. His notice of appeal, unlike many filed under these circumstances, tracks the language of TEX.R.APP. P. 25.2(b)(3) and specifies the appeal is for a jurisdictional defect.

We are confronted, however, with the statement in the judgment that Walton waived his right to appeal. There is no appellate record to contradict this statement, and there can be none, because in the written admonishments and waivers that are part of the plea agreement, Walton waived his right to have a reporter present at the plea proceeding.

In the absence of evidence to the contrary, we presume the regularity of the trial court's judgment and records. *Jones v. State*, 77 S.W.3d 819, 822 (Tex.Crim. App.2002). The judgment affirmatively shows this Court that Walton waived his right to appeal. There is nothing in the clerk's record suggesting otherwise, and no reporter's record is available for preparation or filing that could support any contention that he did not waive his right to

appeal or that any such waiver was not made knowingly and voluntarily.

A criminal defendant may waive many rights, including the right to appeal a conviction. A knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him from appealing any issue in the cause without the consent of the court. *Blanco v. State,* 18 S.W.3d 218, 219–20 (Tex.Crim.App.2000); *Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App.1978); *Lacy v. State,* 56 S.W.3d 287, 288 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Littleton v. State,* 33 S.W.3d 41, 43 (Tex.App.-Texarkana 2000, pet. ref'd); *Freeman v. State,* 913 S.W.2d 714, 717 (Tex.App.-Amarillo 1995, no pet.). The proper disposition of such a case is not a dismissal for want of jurisdiction, because the waiver does not affect our jurisdiction. Rather, it prevents the defendant from bringing the appeal. Thus, we dismiss the case. *Cf. Jack v. State,* 871 S.W.2d 741, 744 (Tex.Crim.App.1994).

Based on the facts set out above, we order the appeal dismissed.

Concurring Opinion by Justice GRANT.

This case is an example of why records should be made of guilty pleas. A complete record of this proceeding would have permitted the appellate court to look at all matters relating to the plea. We have no way of knowing whether the waiver of appeal was discussed with the defendant in open court, whether the stamp was on the judgment at the time the trial court signed it, or any other information about the waiver. Therefore, we are placed in a position of having to presume that everything appearing on the face of the judgment is correct.

The dialogue between the court and the defendant is the most important part of the plea process. It enables the judiciary to be assured that the defendant under-stands his or her rights and that the plea is freely and voluntarily made.

In the name of expediting the movement of cases, the courts are creeping toward a "sign-here" system of justice.

I would recommend to the Legislature that a record not be allowed to be waived and be required on all guilty pleas.