In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-00955-CR
____________

OSCAR GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court At Law No. 7
Harris County, Texas
Trial Court Cause No. 0984755



 
O P I N I O N 
          Appellant, Oscar Garcia, was charged by information with the misdemeanor
offense of driving while intoxicated. After his motion to suppress was denied,
appellant pled nolo contendere and was sentenced, in accordance with an agreed
recommendation from the State, to 180 days in jail, probated for one year, and a $250
fine. In three issues, appellant complains the trial court erroneously denied his
motion to suppress. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
          In the early morning hours of January 15, 2000, appellant drove his car into a
parked car. Following the accident, Houston police officer A. J. Keirn was
dispatched to the scene. When Officer Keirn arrived at the scene, appellant had
already been placed in an ambulance. Officer Keirn spoke to a witness, who told him
that he saw appellant drift into the bike lane on the street’s right shoulder and then
strike a parked car at a high rate of speed.
          Officer Keirn then spoke to appellant inside the ambulance. He noticed an
odor of alcohol on appellant’s breath and asked appellant if he had been drinking. 
Appellant admitted he had been drinking, but he did not know how much he had to
drink. 
          Appellant was then taken to Ben Taub Hospital where a blood sample was
drawn for purposes of medical treatment. Later, pursuant to a grand jury subpoena
issued by the Intake Division of the Harris County District Attorney’s Office, a public
service officer of the Accident Division obtained appellant’s medical records. The
records indicated that appellant’s blood-alcohol level was .18. At the time the
subpoena was issued, there were no criminal proceedings pending against appellant.
The public service officer delivered the medical records to the district attorney’s
office, which then charged appellant with driving while intoxicated. 
          The medical records were never presented to a grand jury for evaluation, and
no grand jury voted on whether to issue an indictment or information against
appellant. It is not contested that no charges were initiated against appellant until
after his medical records were obtained by the subpoena.
          Appellant filed a motion to suppress evidence of the blood-alcohol level, which
was overruled. At the hearing on the motion to suppress, after overruling the motion,
the trial court asked if appellant wanted to appeal the ruling. Appellant’s counsel
responded that he wanted to confer with appellant and a recess was taken. Following
the recess, the following exchange took place between the parties and the trial court:
THE COURT: We’re back on the record in Cause Number 0984755.
 
After hearing arguments of counsel, I have denied the defense’s
Motion to Suppress the blood sample in this case. That is the basis of
the intoxication paragraph, I assume? Is that correct?
 
[DEFENSE COUNSEL]: That is correct.
 
THE COURT: All right. Mr. Samuelson, I now understand your intent
is to enter into an agreed plea and then appeal my ruling. Is that correct?
 
[DEFENSE COUNSEL]: That’s correct.
 
THE COURT: Agreeable to the State?
 
[PROSECUTOR]: Agreeable, Your Honor.
THE COURT: Mr. Garcia, how do you plead to the offense of driving
while intoxicated?
 
MR. GARCIA: No contest.

. . . .
 
THE COURT: Pleading no contest, I find sufficient evidence to find
you guilty. Sentence you to 180 days in jail, probated one year; $250
fine, plus costs of court; random urinalysis; drug treatment; victim
impact; no alcohol or drugs, no beer, no wine; $50 donation to Crime
Stoppers; full restitution, but I understand there’s been—but provide
proof. Provide proof to probation. $40 a month supervisory fee, 50
hours community service.
 
All right. The appeal bond will remain at $500. See the clerk,
please. All set.

(Adjourned)
          The docket sheet contains the following notation: “Mot. to sup. denied. 
Permission to appeal. Appeal bond to remain at $500.” 
DISCUSSION
A.      Waiver
          At the time of his plea, appellant signed a pre-printed document that provided,
in part, as follows:
I understand that . . . if the court does not exceed the agreed
recommendation in assessing punishment that my right to appeal my
conviction will be limited to matters raised by written motion and ruled
upon before trial unless the Court gives permission to raise other
matters. . . .
 
In addition to the above, I understand that if the judge does not
follow the plea bargain, I will be allowed to withdraw my plea. I
further understand that even though the judge may follow any plea
bargain agreement, I still have a right to appeal. Understanding
that I have a right of appeal, however, and as part of my plea
bargain agreement, I knowingly and voluntarily waive that right of
appeal in exchange for the prosecutor’s recommendation, provided
that the punishment assessed by the court does not exceed our
agreement.

(Emphasis added.) The document included a signed statement of appellant’s counsel
that read, in part, as follows: “I have consulted with the defendant whom I have found
to be competent and to whom I have fully explained all of the matters contained in
this instrument.” The document was also signed by the prosecutor and the trial judge. 
          Based on the above-language, the State argues appellant waived his right to
appeal. Appellant responds that the record is clear that he never intentionally waived
his right to appeal; the trial judge, simultaneously with the signing of the plea
documents, specifically granted appellant permission to appeal after appellant told the
judge he wished to appeal and the prosecutor told the judge the State was agreeable.
          A defendant in a noncapital case may voluntarily and intentionally waive any
rights secured him by law, including the right to appeal. Tex. Code Crim. Proc.
Ann. art. 1.14(a) (Vernon Supp. 2002); Blanco v. State, 18 S.W.3d 218, 219-20 (Tex.
Crim. App. 2000); Lacy v. State, 56 S.W.3d 287, 288 (Tex. App.—Houston [1st Dist.]
2001, no pet.).
          In Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001,
no pet.), this Court held that, in a plea-bargained case in which the trial court
followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal
conditioned on the trial court’s acceptance of the plea bargain agreement was valid
and enforceable. See also Blanco, 18 S.W.3d at 219-20; Lacy v. State, 56 S.W.3d at
288.
          However, this case is distinguishable. Although appellant signed a pre-printed
form stating he waived his right to appeal, he also expressly stated at the motion to
suppress hearing, conducted moments earlier, that he wished to appeal the trial
court’s ruling. The record shows not only that the trial court was aware of appellant’s
desire to appeal, but also that, when asked if it was agreeable to appellant filing an
appeal, the State acknowledged that it was agreeable. As part of sentencing, the trial
judge set an appeal bond and the docket sheet states permission to appeal was
granted. 
          This case is controlled by the Court of Criminal Appeals’s recent opinion in
Alzarka v. State, No. 1936-01, slip op., (Tex. Crim. App. November 27, 2002)
(designated for publication), a case factually similar to the case at bar. In Alzarka,
after the trial court denied the defendant’s motion to suppress, the defendant pled
guilty pursuant to a plea agreement with the State. Id. at pp. 1-2. The plea form
signed by the defendant contained a waiver of the right to appeal. Id. However, as
in this case, the record clearly indicated that the defendant expressly stated, at both
the motion to suppress hearing and the plea proceeding, which followed the motion
to suppress hearing, that she intended to appeal the trial court’s motion to suppress
ruling, the trial court specifically granted the appellant the right to appeal, and the
State explicitly acknowledged appellant’s right to appeal. Id. at pp. 2-4. On appeal,
the State argued that Alzarka had failed to preserve her right to appeal. The
Fourteenth Court of Appeals agreed, holding that Alzarka waived her right to appeal
by signing the pre-printed plea papers. Alzarka v. State, 60 S.W.3d 203, 206 (Tex.
App.—Houston [14th Dist.] 2001), rev’d, Alzarka v. State, No. 1936-01, slip op.,
(Tex. Crim. App. November 27, 2002) (designated for publication).
          Reversing the court of appeals, the Court of Criminal Appeals held as follows:
[I]t is clear that appellant’s attorney, the district attorney, and the trial
court intended for appellant to have the right to appeal, that such was a
term of the plea agreement, and that the inclusion of, or failure to cross
out, the language about waiving appeal in the plea forms was an
oversight.

. . . .
 
We conclude that the record, in which the trial judge, the district
attorney, and appellant’s attorney repeatedly made statements agreeing
that appellant would be permitted to appeal, directly contradicts and
rebuts any presumption raised by the terms of the boiler-plate plea form
signed by appellant and reflects that appellant did not waive appeal.

Alzarka, No. 1936-01, at pp. 2-4.

          Similarly, from the record presented in this case, we cannot conclude that
appellant waived his right to appeal. We will therefore reach the merits of the appeal.
B.      Suppression of Evidence of Blood Alcohol Test Results
          In points of error one, two, and three, appellant asserts the trial court erred in
denying his motion to suppress his blood-alcohol content test results because the
State violated his right to privacy under the Fourth Amendment of the United States
Constitution, article I, section 9 of the Texas Constitution, and the Code of Criminal
Procedure article 38.23 by abusing the grand jury subpoena process. In particular,
appellant argues that the process was abused because: (1) no formal recognized
criminal proceedings had been brought against appellant at the time appellant’s
medical records were seized; (2) before the grand jury subpoena was issued, the grand
jury was not convened; (3) the subpoena was not issued by the grand jury’s attorney
for the State; (4) the grand jury subpoena did not direct a person to appear before the
grand jury; (5) the grand jury never voted on whether the evidence supported cause
to issue an indictment against appellant; and (6) there was no probable cause to issue
the grand jury subpoena.
          In State v. Hardy, the Court of Criminal Appeals stated that the societal
interests in safeguarding the privacy of medical records “are not sufficiently strong
to require protection of blood-alcohol test results from tests taken by hospital
personnel solely for medical purposes after a traffic accident.” 963 S.W.2d 516, 527
(Tex. Crim. App. 1997); see also Knapp v. State, 942 S.W.2d 176, 179 (Tex.
App.—Beaumont 1997, pet. ref’d) (holding appellant’s privacy rights were not
violated when medical records containing blood alcohol levels, obtained by grand
jury subpoena, were admitted at trial). 
          Relying on the holding in Hardy, we addressed issues similar to those raised
in this case in Dickerson v. State 965 S.W.2d 30 (Tex. App.—Houston [1st Dist.]
1998, pet. dism’d, improvidently granted). The facts of Dickerson are as follows. 
After a car accident, the defendant was taken to a hospital where blood tests were
performed. Id. at 31. As part of the investigation, a subpoena was issued for the
blood test results, which indicated a .105 blood-alcohol content. Id. The State later
filed charges against the defendant. Id. The defendant filed a pre-trial motion to
suppress the blood test results, which the trial court overruled. Id. On appeal, the
defendant argued the grand jury subpoena was defective because it did not direct any
person to appear before the grand jury, was not issued by a neutral and detached
magistrate, and did not authorize the executing officer to seize evidence. Id. In
overruling the defendant’s points of error, we presented the following analysis: 
The Court of Criminal Appeals recently addressed the precise issues
raised in appellant’s . . . points of error in State v. Hardy, 963 S.W.2d
516 (Tex. Crim. App. 1997). Under facts indistinguishable from our
facts, the court held there was no Fourth Amendment reasonable
expectation of privacy and no statutory physician-patient privilege of
confidentiality that protects the record of blood test results of an injured
motorist from being given to law enforcement officers pursuant to a
grand jury subpoena. Id. at 523, 527 . . . . In the absence of any
constitutional or statutory reasonable expectation of privacy, appellant
has no standing to complain of defects in the grand jury subpoena
process. See State v. Comeaux, 818 S.W.2d 46, 51 (Tex. Crim. App.
1991). Therefore, we also overrule appellant’s . . . points of error
raising such defects. 

Id.

          Following Hardy and Dickerson, we conclude that appellant does not have a
reasonable expectation of privacy in the blood-alcohol test results obtained for
medical purposes following the accident.


 Thus, he does not have standing to
complain of any defects in the grand jury subpoena process. Appellant’s first,
second, and third points of error are overruled.

CONCLUSION
We affirm the trial court’s judgment.
 
 
                                                                        Margaret Garner Mirabal
     Justice

Panel consists of Justices Mirabal, Nuchia, and Price.



Publish. Tex. R. App. P. 47.