Opinion issued January 23, 2003







 


 


 


In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-01219-CR

 01-02-01220-CR

____________


ROBERT EARL MITCHELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 923343 and 916224






MEMORANDUM OPINION

 On October 9, 2002, appellant pleaded guilty to two charges of possession
of cocaine and true to allegations that he had twice been convicted of prior felonies,
the second having been committed after the first was final. Appellant signed under
oath a written waiver of constitutional rights, agreement to stipulate to evidence, and
judicial confession in each case. The documents provided, among other things, as
follows:

 I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 6 years TDCJ-ID[ (1)] and I agree to that recommendation. . . . Further, I waive any
right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the
prosecutor.


(Emphasis added.)

 

 The documents included a signed statement of appellant's counsel that read,
in part:

 I represent the defendant in this case and I believe that this
document was executed by him knowingly and voluntarily and
after I fully discussed it and its consequences with him. I believe
that he is competent to stand trial. I agree to the prosecutor's
recommendation as to punishment.


The documents were also signed by the prosecutor and the trial judge.

 The trial court proceeded to find appellant guilty of the two charges of
possession of cocaine and, following the plea agreements, assessed punishment at six
years' confinement in each case. Despite having waived the right to appeal, appellant
filed pro se notice of appeal. We hold the appeals must be dismissed.

 In Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001,
no pet.), this Court held that, in a plea-bargained case in which the trial court
followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal
conditioned on the trial court's acceptance of the plea bargain agreement was valid
and enforceable. See also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex. App.--Houston [14th Dist.]
1998, pet. ref'd); Littleton v. State, 33 S.W.3d 41 (Tex. App.--Texarkana 2000, pet.
ref'd); but see Alzarka v. State, No. 1936-01 (Tex. Crim. App. Nov. 27, 2002). (2)

 Appellant waived under oath any right to appeal as part of his plea bargain
agreements if the punishment assessed by the trial court did not exceed the
agreements. According to the statement of appellant's counsel, appellant executed
the waiver of constitutional rights, agreement to stipulate to evidence, and judicial
confession only after counsel had fully discussed it and its consequences with him. 
The trial judge followed the plea bargain agreements in assessing punishment.

 Accordingly, we order the appeals dismissed.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. Texas Department of Criminal Justice - Institutional Division.
2. In Alzarka, the Texas Court of Criminal Appeals did not enforce the waiver of
the right to appeal. In that case, as in the present ones, the plea papers included
a waiver of the right to appeal. Unlike the present cases, however, the record
in Alzarka was clear that the trial court had granted permission to appeal an
adverse ruling on a pretrial motion to suppress. In the present cases, no pretrial
motions were filed, and the trial court's judgments are stamped, "Appeal
waived. No permission to appeal granted." There is no reporter's record of the
plea hearing because the presence of a court reporter was waived. For these
reasons, these appeals are not controlled by Alzarka.