Opinion issued February 6, 2003







 


 

In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-01227-CR

 01-02-01241-CR

____________


THOMAS KENNEDY ZACHARY, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 896075 and 898307






MEMORANDUM OPINION

 On October 25, 2002, appellant pleaded guilty to murder in cause number
896075 and to aggravated assault in cause number 898307. Appellant signed under
oath a written waiver of constitutional rights, agreement to stipulate to evidence, and
judicial confession in each case. The documents provided, among other things, as
follows:

 I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 25 years'
TDCJ-ID to run concurrent with cause number [898307 in No.
896075; 896075 in No. 898307] and I agree to that
recommendation. . . . Further, I waive any right of appeal which
I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor.


 The documents included a signed statement of appellant's counsel that read,
in part:

 I represent the defendant in this case and I believe that this
document was executed by him knowingly and voluntarily and
after I fully discussed it and its consequences with him. I believe
that he is competent to stand trial. I agree to the prosecutor's
recommendation as to punishment.


The documents were also signed by the prosecutor and the trial judge.

 The trial court proceeded to find appellant guilty of murder in cause number
896075 and aggravated assault in cause number 898307. Following the plea
agreements, the court assessed punishment at 25 years' confinement in each case. 
Despite having waived the right to appeal, appellant filed notices of appeal. We hold
the appeals must be dismissed.

 In Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001,
no pet.), this Court held that, in a plea-bargained case in which the trial court
followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal
conditioned on the trial court's acceptance of the plea bargain agreement was valid
and enforceable. See also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex. App.--Houston [14th Dist.]
1998, pet. ref'd); Littleton v. State, 33 S.W.3d 41 (Tex. App.--Texarkana 2000, pet.
ref'd); but see Alzarka v. State,90 S.W.3d 321(Tex. Crim. App. 2002). (1)

 Appellant waived under oath any right to appeal as part of his plea bargain
agreement in each case if the punishment assessed by the trial court did not exceed
the agreement. According to the statement of appellant's counsel, appellant executed
the waivers of constitutional rights, agreements to stipulate to evidence, and judicial
confessions only after counsel had fully discussed them and the consequences with
him. The trial judge followed the plea bargain agreements in assessing punishment.

 Accordingly, we order the appeals dismissed.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. In Alzarka, the Texas Court of Criminal Appeals did not enforce the waiver of
the right to appeal. In that case, as in the present ones, the plea papers included
a waiver of the right to appeal. Unlike the present cases, however, the record
in Alzarka was clear that the trial court had granted permission to appeal an
adverse ruling on a pretrial motion to suppress. In the present cases, there were
no adverse rulings on appellant's pretrial written motions, and the trial court's
judgments are stamped, "Appeal waived. No permission to appeal granted." 
There is no reporter's record of the plea hearing because the presence of a
court reporter was waived. For these reasons, these appeals are not controlled
by Alzarka.