Opinion issued February 6, 2003







 


 


In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-01245-CR

____________


JOSEPH FIKES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 924222






MEMORANDUM OPINION

 On October 29, 2002, appellant pleaded guilty to attempted aggravated
assault. Appellant signed under oath a written waiver of constitutional rights,
agreement to stipulate to evidence, and judicial confession. The document provided,
among other things, as follows:

 I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 2 years TDC[ (1)]
and I agree to that recommendation. . . . Further, I waive any
right of appeal which I may have should the court accept the
foregoing plea bargain agreement between myself and the
prosecutor.


 The document included a signed statement of appellant's counsel that read,
in part:

 I represent the defendant in this case and I believe that this
document was executed by him knowingly and voluntarily and
after I fully discussed it and its consequences with him. I believe
that he is competent to stand trial. I agree to the prosecutor's
recommendation as to punishment.


The document was also signed by the prosecutor and the trial judge.

 The trial court proceeded to find appellant guilty of attempted aggravated
assault and, following the plea agreement, assessed punishment at two years'
confinement. Despite having waived the right to appeal, appellant filed a pro se
notice of appeal. We hold the appeal must be dismissed.

 In Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001,
no pet.), this Court held that, in a plea-bargained case in which the trial court
followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal
conditioned on the trial court's acceptance of the plea bargain agreement was valid
and enforceable. See also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex. App.--Houston [14th Dist.]
1998, pet. ref'd); Littleton v. State, 33 S.W.3d 41 (Tex. App.--Texarkana 2000, pet.
ref'd); but see Alzarka v. State, 90 S.W.3d 321(Tex. Crim. App. 2002). (2)

 Appellant waived under oath any right to appeal as part of his plea bargain
agreement if the punishment assessed by the trial court did not exceed the agreement. 
According to the statement of appellant's counsel, appellant executed the waiver of
constitutional rights, agreement to stipulate to evidence, and judicial confession only
after counsel had fully discussed it and its consequences with him. The trial judge
followed the plea bargain agreement in assessing punishment.

 Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. Texas Department of Criminal Justice - Institutional Division. See Tex.
Gov't Code Ann. § 493.002 (Vernon Supp. 2003).
2. In Alzarka, the Texas Court of Criminal Appeals did not enforce the waiver of
the right to appeal. In that case, as in the present one, the plea papers included
a waiver of the right to appeal. Unlike the present case, however, the record
in Alzarka was clear that the trial court had granted permission to appeal an
adverse ruling on a pretrial motion to suppress. In the present case, there were
no adverse rulings on pretrial motions filed by appellant, and nothing in the
clerk's record indicates that the trial court granted permission to appeal. There
is no reporter's record of the plea hearing because the presence of a court
reporter was waived. For these reasons, this appeal is not controlled by
Alzarka.