Opinion issued February 13, 2003







 


 


 


In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-01256-CR

____________


DAVID ALAN TURCHEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 884227






MEMORANDUM OPINION

 On November 1, 2002, appellant pleaded no contest to unauthorized use of
a vehicle and true to the allegations in two punishment-enhancing paragraphs. 
Appellant signed under oath a written waiver of constitutional rights and agreement
to stipulate to evidence. The document provided, among other things, as follows:

 I intend to enter a plea of no contest and the prosecutor will
recommend that my punishment should be set at 4 years TDCJ-ID
cc w/cause # 897039, 345 days jail credit, and I agree to that
recommendation. . . . Further, I waive any right of appeal which
I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor.


 The document included a signed statement of appellant's counsel that read,
in part:

 I represent the defendant in this case and I believe that this
document was executed by him knowingly and voluntarily and
after I fully discussed it and its consequences with him. I believe
that he is competent to stand trial. I agree to the prosecutor's
recommendation as to punishment.


The document was also signed by the prosecutor and the trial judge.

 The trial court proceeded to find appellant guilty of unauthorized use of a
vehicle and that the allegations in the enhancement paragraphs were true. Following
the plea agreement, the trial court assessed punishment at four years' confinement in
the Texas Department of Corrections - Institutional Division, to be served
concurrently with appellant's sentence in cause number 897039, and with 345 days
time credited. Despite having waived the right to appeal, appellant filed a pro se
notice of appeal. We hold the appeal must be dismissed.

 In Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001,
no pet.), this Court held that, in a plea-bargained case in which the trial court
followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal
conditioned on the trial court's acceptance of the plea bargain agreement was valid
and enforceable. See also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex. App.--Houston [14th Dist.]
1998, pet. ref'd); Littleton v. State, 33 S.W.3d 41 (Tex. App.--Texarkana 2000, pet.
ref'd); but see Alzarka v. State, 90 S.W.3d 321 (Tex. Crim. App. 2002). (1)

 Appellant waived under oath any right to appeal as part of his plea bargain
agreement if the punishment assessed by the trial court did not exceed the agreement. 
According to the statement of appellant's counsel, appellant executed the waiver of
constitutional rights and agreement to stipulate to evidence only after counsel had
fully discussed it and its consequences with him. The trial judge followed the plea
bargain agreement in assessing punishment.

 Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. In Alzarka, the Texas Court of Criminal Appeals did not enforce the waiver of
the right to appeal. In that case, as in the present one, the plea papers included
a waiver of the right to appeal. Unlike the present case, however, the record
in Alzarka was clear that the trial court had granted permission to appeal an
adverse ruling on a pretrial motion to suppress. In the present case, there were
no adverse rulings on pretrial written motions, and the trial court's judgment
includes the handwritten notation, "Appeal waived. Permission to appeal not
granted." There is no reporter's record of the plea hearing because the
presence of a court reporter was waived. For these reasons, this appeal is not
controlled by Alzarka.