Opinion issued February 13, 2003



 

 

 










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-01073-CR

____________


ANDRE LYNN DORTY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 921077






MEMORANDUM OPINION

 On September 25, 2002, appellant pleaded guilty to burglary of a building
with intent to commit theft. Appellant signed under oath a written waiver of
constitutional rights, agreement to stipulate to evidence, and judicial confession. The
document provided, among other things, as follows:

 I intend to enter a plea of guilty and the prosecutor will
recommend that my punishment should be set at 2 years TDC and
I agree to that recommendation. . . . Further, I waive any right of
appeal which I may have should the court accept the foregoing
plea bargain agreement between myself and the prosecutor.


 The document included a signed statement of appellant's counsel that read,
in part:

 I represent the defendant in this case and I believe that this
document was executed by him knowingly and voluntarily and
after I fully discussed it and its consequences with him. I believe
that he is competent to stand trial. I agree to the prosecutor's
recommendation as to punishment.


The document was also signed by the prosecutor and the trial judge.

 The trial court proceeded to find appellant guilty of burglary of a habitation
with intent to commit theft and, following the plea agreement, assessed punishment
at two years' confinement. Despite having waived the right to appeal, appellant filed
pro se notice of appeal. We hold the appeal must be dismissed.

 In Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001,
no pet.), this Court held that, in a plea-bargained case in which the trial court
followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal
conditioned on the trial court's acceptance of the plea bargain agreement was valid
and enforceable. See also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex. App.--Houston [14th Dist.]
1998, pet. ref'd); Littleton v. State, 33 S.W.3d 41 (Tex. App.--Texarkana 2000, pet.
ref'd); but see Alzarka v. State, 90 S.W.3d 321 (Tex. Crim. App. 2002). (1)

 Appellant waived under oath any right to appeal as part of his plea bargain
agreement if the punishment assessed by the trial court did not exceed the agreement. 
According to the statement of appellant's counsel, appellant executed the waiver of
constitutional rights, agreement to stipulate to evidence, and judicial confession only
after counsel had fully discussed it and its consequences with him. The trial judge
followed the plea bargain agreement in assessing punishment.

 Accordingly, we order the appeal dismissed.

 All pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Nuchia and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. In Alzarka, the Texas Court of Criminal Appeals did not enforce the waiver of
the right to appeal. In that case, as in the present one, the plea papers included
a waiver of the right to appeal. Unlike the present case, however, the record
in Alzarka was clear that the trial court had granted permission to appeal an
adverse ruling on a pretrial motion to suppress. In the present case, appellant
filed two pro se pretrial motions that were not ruled on by the trial court, and
the trial court's judgment is stamped, "Appeal waived. No permission to
appeal granted." There is no reporter's record of the plea hearing because the
presence of a court reporter was waived. For these reasons, this appeal is not
controlled by Alzarka.