In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00014-CR


______________________________




RICHARD ALLEN MOSBY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 351st Judicial District Court


Harris County, Texas


Trial Court No. 884754




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Richard Allen Mosby, a medical doctor, was convicted on his plea of guilty pursuant
to a plea agreement of the offense of delivery of a prescription for a controlled substance
for other than a valid medical purpose and in the course of professional practice. (1) Mosby
was found guilty of a third degree felony. The court assessed punishment at five years'
imprisonment and a $500.00 fine, but under the terms of the plea agreement, suspended
imposition of that sentence and placed Mosby on community supervision for five years. 
Mosby was represented by counsel at that time. As part of the plea agreement, Mosby
waived his right to have a court reporter present. Although the agreement does not contain
an explicit waiver of the right to appeal, there is a stamped notation on the judgment itself
that reads, "Appeal waived. No permission to appeal granted." 

 Mosby has filed a notice of appeal pro se. His notice of appeal tracks the language
of Tex. R. App. P. 25.2(b)(3) and specifies the appeal is for a jurisdictional defect, as well
as stating that "the substance of the appeal was raised by written Petitions and ruled on
before trial and the trial court granted permission to appeal."

 We are confronted, however, with the statement in the judgment that Mosby waived
his right to appeal. There is no appellate record to contradict this statement, and there can
be none, because in the written admonishments and waivers that are part of the plea
agreement, Mosby waived his right to have a reporter present at the plea proceeding. 

 In the absence of evidence to the contrary, we presume the regularity of the trial
court's judgment and records. Jones v. State, 77 S.W.3d 819, 822 (Tex. Crim. App. 2002).
The judgment affirmatively shows this Court that Mosby waived his right to appeal. There
is nothing in the clerk's record suggesting otherwise, and no reporter's record is available
for preparation or filing that could support any contention that he did not waive his right to 
appeal or that any such waiver was not made knowingly and voluntarily. 

 A defendant in a criminal case may waive many rights, including the right to appeal
a conviction. A knowing and intelligent waiver of the right to appeal is binding on the
defendant and prevents him or her from appealing any issue in the cause without the
consent of the court. Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000);
Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); Lacy v. State, 56 S.W.3d
287, 288 (Tex. App.-Houston [1st Dist.] 2001, no pet.); Littleton v. State, 33 S.W.3d 41,
43 (Tex. App.-Texarkana 2000, pet. ref'd); Freeman v. State, 913 S.W.2d 714, 717 (Tex.
App.-Amarillo 1995, no pet.). The proper disposition of such a case is not a dismissal for
want of jurisdiction, because the waiver does not affect our jurisdiction. Rather, it prevents
the defendant from bringing the appeal. Thus, we dismiss the case. Cf. Jack v. State, 871
S.W.2d 741, 744 (Tex. Crim. App. 1994). 


 Based on the facts set out above, the appeal is dismissed. 


 Donald R. Ross

 Justice


Date Submitted: March 4, 2003

Date Decided: March 5, 2003


Do Not Publish

1. See Tex. Health & Safety Code Ann. § 481.071 (Vernon Supp. 2003).


t-family: Times New Roman">Date Decided: April 10, 2007


Do Not Publish