Opinion issued May 1, 2003










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00159-CR
____________

JAMES HENRY MILLS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 913901



 
MEMORANDUM OPINION
          On November 18, 2002, appellant pleaded guilty to failure to comply with sex
offender registration requirements. The appeal is dismissed.
          Appellant signed under oath a written waiver of constitutional rights,
agreement to stipulate to evidence, and judicial confession. The document provided,
among other things, as follows:
I intend to enter a plea of guilty and the prosecutor will recommend that
my punishment should be set at eight years confinement in TDCJ-ID and
I agree to that recommendation. . . . Further, I waive any right of appeal
which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor.

          The document included a signed statement of appellant’s counsel that read, in
part:
I represent the defendant in this case and I believe that this document
was executed by him knowingly and voluntarily and after I fully
discussed it and its consequences with him. I believe that he is
competent to stand trial. I agree to the prosecutor’s recommendation as
to punishment.

The document was also signed by the prosecutor and the trial judge.
          The trial court proceeded to find appellant guilty of failure to comply with
sexual registration requirements and, following the plea agreement, assessed
punishment at eight years. Despite having waived the right to appeal, appellant filed
pro se notice of appeal. There is nothing in the record indicating that the trial court
consented to an appeal. We hold the appeal must be dismissed.
          In Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001,
no pet.), this Court held that, in a plea-bargained case in which the trial court
followed the plea bargain agreement, a pre-sentencing waiver of the right to appeal
conditioned on the trial court’s acceptance of the plea bargain agreement was valid
and enforceable. See also Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App.
2000); Bushnell v. State, 975 S.W.2d 641, 642-44 (Tex. App.—Houston [14th Dist.]
1998, pet. ref’d); Littleton v. State, 33 S.W.3d 41 (Tex. App.—Texarkana 2000, pet.
ref’d).
          The Court of Criminal Appeals recently issued two opinions concerning
waivers of the right to appeal. The court held in Alzarka v. State, 90 S.W.3d 321, 324
(Tex. Crim. App. 2002), that the appellant did not waive his right to appeal by signing
a boiler-plate plea form because the record reflected an understanding among the
parties that there would be an appeal, and the trial court agreed that appellant would
be permitted to appeal. In Monreal v. State, No. 2289-01, slip op. at 13 (Tex. Crim.
App. Mar. 12, 2003), the court reaffirmed that a valid waiver of appeal, that is, one
that is knowingly, voluntarily, and intelligently made, whether any plea was
negotiated or non-negotiated, will prevent a defendant from appealing without the
consent of the trial court. In the present case, there is nothing in the record indicating
an intent to appeal at the time the waiver was made, or that the trial court consented
to an appeal. 
          Appellant’s brief does not challenge the waiver. In a sole point of error,
appellant’s counsel argues that trial counsel rendered ineffective assistance. The
appellate record consists of only the clerk’s record, and no motion for new trial was
filed. 
          Appellant waived under oath any right to appeal as part of his plea bargain
agreement if the punishment assessed by the trial court did not exceed the agreement. 
According to the statement of appellant’s trial counsel included in appellant’s written
waiver, appellant executed the waiver of constitutional rights, agreement to stipulate
to evidence, and judicial confession only after counsel had fully discussed it and its
consequences with him. The trial judge followed the plea bargain agreement in
assessing punishment.
Conclusion
          We order the appeal dismissed.
 
 
                                                                                  Adele Hedges
                                                                                  Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).