In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00081-CR
______________________________

 
ORRICK NERO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 241-1710-03


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            On March 5, 2004, Orrick Nero pled guilty to possession of cocaine in an amount greater
than 200 grams but less than 400 grams, a first degree felony. See Tex. Health & Safety Code
Ann. § 481.115(a), (e) (Vernon 2003). There was no negotiated plea agreement in this case; instead,
Nero submitted the issue of punishment to the trial court's discretion. 
            The trial court accepted Nero's plea, heard evidence and argument regarding punishment, and
then sentenced Nero to thirty years' imprisonment. Following the pronouncement of the sentence,
Nero signed a document titled "WAIVER OF MOTION FOR NEW TRIAL AND MOTION IN
ARREST OF JUDGMENT AND WAIVER OF RIGHT TO APPEAL," which he submitted to the
trial court. Nero states in his waiver, "That he does not wish to appeal his conviction[,] and
expressly waives his right to appeal." Nero also orally waived his right to appeal before the trial
court. And the trial court's certification reflects Nero waived his right to appeal. See Tex. R. App.
P. 25.2(d).
            A criminal defendant may waive many rights, including one's right to appeal. Walton v.
State, 92 S.W.3d 845, 846 (Tex. App.—Texarkana 2002, no pet.). "A knowing and intelligent
waiver of the right to appeal is binding on the defendant and prevents him from appealing any issue
in the cause without the consent of the court." Id. "The proper disposition of such a case is not a
dismissal for want of jurisdiction, because the waiver does not affect our jurisdiction. Rather, it
prevents the defendant from bringing the appeal." Id. 
            Accordingly, we dismiss Nero's appeal.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          December 21, 2004
Date Decided:             December 22, 2004

Do Not Publish



          We affirm the judgment.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 6, 2005
Date Decided:             January 7, 2005

Do Not Publish