**Nikalai DICKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00946–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 19, 1998.

Rehearing Overruled March 3, 1998.

Belinda Johnson Chagnard, Henry L. Burkholder, III, Houston, for Appellant.

---

John B. Holmes, Alan Curry, Houston, for Appellee.

Before WILSON, MIRABAL and TAFT, JJ.

## OPINION

WILSON, Justice.

Appellant, Nikalai Dickerson, was charged by information with the offense of driving while intoxicated. After his motion to suppress was denied, appellant pled guilty with an agreed recommendation from the State, and was sentenced to 40 days in jail. In five points of error, appellant argues the trial court erroneously denied his motion to suppress. We affirm.

### Facts

The following facts were developed from a stipulation of evidence between the parties. Deputy Russell Swango, an accident investigator for the Harris County Sheriff's Department, investigated a motor vehicle accident on the morning of March 4, 1994. At the accident scene, Ricardo Lopez told Swango that appellant passed him at a high rate of speed and then drifted across the highway dividing line. Appellant's car then struck a car traveling in the opposite direction, resulting in a four-car collision. The EMS personnel on the scene did not report an odor of alcohol on appellant's breath, and Deputy Swango did not find any containers of alcoholic beverages.

Appellant was taken to the hospital, and blood tests were conducted for medical purposes. As part of his investigation, Deputy Swango went to the District Attorney's Office and requested a grand jury subpoena to get the results of appellant's drug and alcohol tests performed at the hospital. The medical records revealed that appellant had .105 blood alcohol content. At the time the subpoena was issued, there were no criminal proceedings pending against appellant. After the State filed charges, appellant filed a motion to suppress the medical records obtained by Swango. The trial court held a hearing and overruled appellant's motion.

### Suppression of Medical Records

In five points of error, appellant contends the trial court erred by not suppressing evidence of hospital records of his blood alcohol test results because: (1) appellant had a reasonable expectation of privacy under the Fourth Amendment; (2) appellant had a statutory right of privacy based on TEX. HEALTH & SAFETY CODE ANN. § 773.091(b) (Vernon 1992); (3) the grand jury subpoena was defective for not directing any person to appear before the grand jury; (4) the grand jury subpoena was not issued by a neutral and detached magistrate; and (5) the grand jury subpoena did not authorize the executing officer to seize evidence.

The Court of Criminal Appeals recently addressed the precise issues raised in appellant's first two points of error in *State v. Hardy*, 963 S.W.2d 516 (Tex.Crim.App. 1997). Under facts indistinguishable from our facts, the court held there was no Fourth Amendment reasonable expectation of privacy and no statutory physician-patient privilege of confidentiality that protects the record of blood test results of an injured motorist from being given to law enforcement officers pursuant to a grand jury subpoena. *Id.*, at 523, 527. Accordingly, we overrule appellant's first two points of error. In the absence of any constitutional or statutory reasonable expectation of privacy, appellant has no standing to complain of defects in the grand jury subpoena process. *See State v. Comeaux*, 818 S.W.2d 46, 51 (Tex.Crim.App. 1991). Therefore, we also overrule appellant's third, fourth, and fifth points of error raising such defects.

We affirm the trial court's judgment.