The STATE of Texas, Appellant,

v.

Oscar LIENDO, Appellee.

No. 04–98–00012–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1998.

Jose M. Rubio, Jr., Webb County Dist. Atty., Raul Martinez, Asst. Dist. Atty., Laredo, for Appellant.

Santiago "Jimmy" Sandoval, Law Office of Santiago "Jimmy" Sandoval, Laredo, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

The State appeals the granting of a motion to suppress the results of a blood test taken from Oscar Liendo following a car accident. The State contends that the trial court erred in conducting a hearing on Liendo's motion to suppress without the State being present, in suppressing the results of the blood test, and in dismissing the case. We reverse the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

After being involved in a car accident, Oscar Liendo was taken to a hospital for treatment. During the course of his treatment, medical staff drew blood from Liendo's body. A short time later, the Laredo Police Department obtained the blood test results pursuant to a subpoena. Based upon the test results, Liendo was charged with the misdemeanor offense of Driving While Intoxicated. On December 11, 1997, the trial court heard Liendo's pre-trial motion to suppress the blood test results without the State being present. The trial court granted the motion to suppress and dismissed the case.

## ARGUMENT AND AUTHORITIES

■ Absent a clear abuse of discretion, the trial court's ruling on a motion to suppress must be upheld. *Meek v. State*, 790 S.W.2d 618, 620 (Tex.Crim.App.1990). At a suppression hearing, the trial judge is the sole trier of facts, the credibility of the witnesses and the weight to be given to their testimony. *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex.Crim.App.1993). Accordingly, we must show almost total deference to a trial court's resolution of factual questions, especially when those findings are based on the credibility and demeanor of the witnesses. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997). However, the appellate courts may review *de novo* mixed questions of law and fact if their resolution does not involve the credibility and demeanor of witnesses. *Id.*

■ This case does not involve the credibility of witnesses, nor do the parties dispute the historical facts determined by the trial court. The State merely disputes the trial court's application of the law to those facts. We, therefore, review the trial court's determination *de novo*, giving due deference to the trial court's factual findings. *State v. Hardy*, 963 S.W.2d 516, 523 (Tex.Crim.App.1997).

■ In its second point of error, the State contends that the trial court erred in suppressing the results of Liendo's blood test. The court of criminal appeals recently addressed this issue in *Hardy*. Under virtually identical facts, the court held that society's interest in safeguarding the privacy of medical records is "not sufficiently strong to require protection of blood-alcohol test results from tests taken by hospital personnel solely for medical purposes after a traffic accident." *Id.* at 527. Following *Hardy*, the Fourteenth Court of Appeals noted that there is no Fourth Amendment reasonable expectation of privacy and no statutory privilege of confidentiality precluding the blood test results of an injured motorist from being given to law enforcement officers pursuant to a subpoena. *Dickerson v. State*, 965 S.W.2d 30, 31 (Tex.App.—Houston [1st Dist.] 1998, pet. filed).

■ There is no indication that the blood test results in this case were illegally obtained. Accordingly, the trial court erred in granting Liendo's motion to suppress those results. Because the trial court's error requires reversal, it is unnecessary for us to

address the State's remaining points of error. The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings.