Opinion Issued July 17, 2003 















In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00035-CR

____________


DEREK HARMON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 5 

Harris County, Texas

Trial Court Cause No. 1067624







MEMORANDUM OPINION

 Appellant, Derek Harmon, pleaded guilty to driving while intoxicated after his
pretrial motion to suppress evidence was denied. The trial court accepted appellant's
guilty plea, found appellant guilty, and assessed punishment at 180 days'
confinement, probated for two years, and a $500 fine. In two issues, we determine
whether the trial court erred in denying appellant's motion to suppress blood-test
results and whether a grand-jury subpoena under which appellant's medical
information was obtained was overly broad. We affirm.

Facts

 On April 6, 2001, appellant drove a car into a concrete barrier on Memorial
Drive in Houston. Another driver, who did not witness the accident, called the police.
Houston Police Officer Farias arrived at the scene and noticed that appellant had a
strong odor of alcohol on his breath and a sway in his stance. Officer Farias also
found two tumblers containing alcohol inside appellant's car. Appellant, who 
appeared to be injured and was taken to the hospital, was not arrested at that time. 
After learning that hospital personnel would draw blood from appellant, Officer
Farias obtained a grand-jury subpoena requesting appellant's medical records from
the hospital. The subpoena stated the following:

 Please provide all medical records for Derek Harmon, W/M, DOB 8-5-59, who was treated on 4-6-01 through 4-7-01, [sic] please provide all
records reflecting chemical or blood alcohol results. Kindly indicate
who drew, transported and tested the blood.


Appellant's medical records showed that he had a blood alcohol content of 0.18. 


Standard of Review

 A trial court's ruling on a motion to suppress evidence is reviewed under an
abuse of discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App.
1999). In a suppression hearing, the trial court is the sole trier of facts and judge of
the credibility of the witnesses and the weight to be given their testimony. State v.
Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Expectation of Privacy

 In his first issue, appellant contends that the trial court erred in denying his
motion to suppress blood-test results because the State did not meet its burden to
prove the reasonableness of the search, because there were defects in the grand-jury
subpoena process, and because appellant had a statutory right to privacy under the
Health Insurance Portability and Accountability Act of 1996 (HIPAA). Pub. L. No.
104-191, 110 Stat. 1936 (1996). 

A. Standing 

 Appellant first complains that the State failed to meet its burden "to show that
the blood test results were obtained pursuant to a recognized exception to the warrant
requirement" and because there were defects in the grand-jury subpoena process. The
State argues that appellant lacks standing to complain about the manner in which the
blood test results were obtained because appellant can have no reasonable expectation
of privacy in blood-alcohol test results taken by hospital personnel solely for medical
purposes. 

 To determine whether appellant may complain of the reasonableness of the
search, we must determine whether he has established standing. See Villareal v.
State, 893 S.W.2d 559, 561 (Tex. App.--Houston [1st Dist.] 1994), aff'd, 935 S.W.2d
134 (Tex. Crim. App. 1996). An accused has standing to challenge the admission of
evidence obtained by a governmental intrusion only if he had "a legitimate
expectation of privacy in the place invaded." Richardson v. State, 865 S.W.2d 944,
948 (Tex. Crim. App. 1993). 

 In State v. Hardy, the Court of Criminal Appeals held that an accused does not
have a legitimate expectation of privacy in medical records containing blood-alcohol
test results "taken by hospital personnel solely for medical purposes after a traffic
accident." See id., 963 S.W.2d 516, 527 (Tex. Crim. App. 1997). The Hardy court
based its holding on the determination that the societal interests in safeguarding the
privacy of medical records were not sufficiently strong enough to require protection
of blood-alcohol test results obtained by medical personnel after traffic accidents. 
See id. 

 We addressed complaints in Garcia v. State (1) and Dickerson v. State (2) that are
similar to appellant's complaints. Relying on Hardy, we held in both cases that there
was "no Fourth Amendment reasonable expectation of privacy . . . that protects the
record of blood test results of an injured motorist from being given to law
enforcement officers pursuant to a grand jury subpoena." Dickerson, 965 S.W.2d 30,
31 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd, improvidently granted);
Garcia, 95 S.W.3d 522, 526 (Tex. App.--Houston [1st Dist.] 2002, no pet.). We
concluded that, because the Fourth Amendment does not confer a reasonable
expectation of privacy under these circumstances, an accused does not have standing
to assert an unreasonable search or seizure under the Fourth Amendment or to
challenge any defects in the grand-jury subpoena process. See id. 

 Following Garcia and Dickerson, we hold that appellant does not have
standing to challenge either the reasonableness of the search or any defects in the
grand-jury subpoena process. 

B. HIPAA

 Appellant also argues that the grand-jury subpoena under which his medical
information was obtained violates HIPAA. Pub. L. No. 104-191, 110 Stat. 1936
(1996). 

 On August 21, 1996, Congress enacted HIPAA and instructed the Secretary of
Health and Human Services to promulgate final regulations containing "standards
with respect to the privacy of individually identifiable health information" if
Congress failed to enact such privacy standards within 36 months of the enactment
of HIPAA. 110 Stat. 2033-34. On February 13, 2001, the Secretary of Health and
Human Services promulgated final regulations imposing the standards, requirements,
and implementation specifications under which a health care provider is required to
release an individual's health information. 45 C.F.R. § 164.102 (2002). 

 Even if HIPAA imposed a new statutory right of privacy that trumps the State's
power to issue grand-jury subpoenas in a criminal investigation, disclosure of medical
records under HIPAA is permissible without an individual's permission when the
information is disclosed for law enforcement purposes and is obtained pursuant to a
grand-jury subpoena. (3)
 45 C.F.R. § 164.512(f)(1)(ii)(B) (2002).

 We overrule appellant's first issue. 



Grand-Jury Subpoena

 In his second issue, appellant contends that the grand-jury subpoena under
which his medical information was obtained was overly broad because the subpoena
sought all of his medical records made during his hospitalization, rather than the
medical records pertaining only to his blood-alcohol tests. Appellant complains that,
because the trial court refused to suppress these records, they became "open for full
view to prosecutors, grand jurors, courts, and the public." 

 A two-step inquiry determines whether we address the merits of a claim
regarding a trial court's denial of a pretrial motion to suppress evidence prior to a
guilty plea. Gonzales v. State, 966 S.W.2d 521, 524 (Tex. Crim. App. 1998). We
first identify the fruits that the trial court refused to suppress. Id. We then determine
whether these fruits have "somehow been used" by the State. Id. (citing Kraft v.
State, 762 S.W.2d 612, 614 (Tex. Crim. App. 1988)). If the fruits have not somehow
been used by the State, then we need not address the merits of the claim. Id. In the
context of a guilty plea, evidence is used if the evidence could have "contributed in
some measure to the State's leverage in the plea bargaining process." McKenna v.
State, 780 S.W.2d 797, 799-800 (Tex. Crim. App. 1989) (citing Kraft, 762 S.W.2d
at 614). Evidence is used against a defendant and contributes to the State's leverage
if the evidence is inculpatory. Kraft, 762 S.W.2d at 615. 

 Appellant, who pleaded guilty to driving while intoxicated, has not identified
any information in the remaining portion of his medical records that was inculpatory
or that may have contributed in some measure to the State's leverage in the plea-bargain process. Except for appellant's blood-test results, none of the other
information in appellant's medical records was discussed at the hearing on appellant's
motion to suppress evidence. Because the record does not show that appellant's
medical records, other than his blood-test results, contributed to the State's leverage
in the plea-bargaining process, we need not address the merits of his claim. See id. 

 We overrule appellant's second issue.Conclusion

 We affirm the judgment of the trial court.





 Tim Taft


 Justice


Panel consists of Justices Taft, Jennings, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).

1. 95 S.W.3d 522 (Tex. App.--Houston [1st Dist.] 2002, no pet. h.). 
2. 965 S.W.2d 30 (Tex. App.--Houston [1st Dist.] 1998, pet. dism'd,
improvidently granted).
3. We also note that compliance with HIPAA was not required when appellant's
medical records were sought because the HIPAA regulations did not become
effective until April 14, 2003. 45 C.F.R. § 164.534(a) (2001).