Opinion Issued October 30, 2003








 
 






     




In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00165-CR




MARK DIAL HICKS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court At Law No. 3
Harris County, Texas
Trial Court Cause No. 1040130




MEMORANDUM OPINION

          Appellant, Mark Dial Hicks, pleaded guilty to driving while intoxicated (DWI)
after his pretrial motion to suppress evidence was denied. The trial court accepted
appellant’s guilty plea and assessed punishment, in accordance with his plea
agreement, at 30 days’ confinement. In his sole point of error, appellant challenges
the denial of motion to suppress. We affirm.
FactsOn December 14, 2000, appellant was involved in a car accident in the
downtown business district of Houston. Officer E.M. Hopkins, who saw the accident,
arrived on the scene. The complainant stated to the officer that he was stopped at a
traffic light and felt an impact in the back of his vehicle from appellant’s vehicle.
Officer Hopkins observed that appellant smelled of an alcoholic beverage, and had
a visible bruise on his forehead. Appellant, who was pinned behind the steering
wheel of his truck by the impact and appeared to be injured, was taken to the hospital. 
Appellant was not arrested at that time. 
Officer Hopkins followed appellant to the hospital. At the hospital, medical
personnel treated appellant for a dislocated knee injury, and, in the course of
treatment, drew blood samples from appellant for medical testing. Following the
blood testing, several chemical analysis and hematology analysis reports were made
by the hospital concerning the blood results. From the outset of appellant’s treatment,
medical personnel were concerned with appellant’s use of alcohol. Medical notes
taken upon appellant’s arrival at the hospital reveal that medical personnel smelled
an alcohol odor on appellant’s breath. Medical records also reveal that the context
of the injury was “alcohol” and that appellant’s blood results revealed he had a blood-alcohol content of 0.255. To perform a reduction of appellant’s knee, appellant was
consciously sedated with intravenous medications. Upon discharge, appellant was
also given several medicines for pain relief. 
Five days after appellant’s blood was drawn, an assistant district attorney
issued a grand-jury subpoena requesting appellant’s medical records , “including but
not limited to toxicology reports.” On January 16, 2001, a warrant was issued for
appellant’s arrest. 
Discussion

          In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress because the State abused its grand-jury subpoena power to
obtain incriminating blood-test results used to charge appellant with the offense of
DWI.


 Appellant claims that the State, in doing so, “violated [his] Fourth
Amendment privacy rights as defined by the Texas implied consent statutes and
denied him his statutory right to refuse consent for the taking of his blood.”


 
Essentially, appellant argues that the trial court erred in denying his motion to
suppress his blood-test results. 
          Standard of Review
          In reviewing the trial court’s ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts, while we conduct a de novo review of the trial court’s application of
the law to those facts. Id. During a motion to suppress hearing, the trial court is the
sole trier of fact; accordingly, the trial judge may choose to believe or disbelieve all
or any part of a witness’s testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000); King v. State, 35 S.W.3d 740, 742 (Tex. App.—Houston [1st
Dist.] 2000, no pet.). When, as here, no findings of fact are filed, we must view the
evidence in the light most favorable to the ruling and sustain the decision if it is
correct on any applicable theory of the law. Ross, 32 S.W.3d at 855-56; King, 35
S.W.3d at 742.
           Standing

          Appellant complains that the State misused the grand-jury subpoena to obtain
incriminating blood-test results, violating his Fourth Amendment privacy rights. An
accused has standing to challenge the admission of evidence obtained by
governmental intrusion only if he had a “legitimate expectation of privacy in the place
invaded.” Richardson v. State, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993). The
Court of Criminal Appeals has held that an accused does not have a legitimate
expectation of privacy in medical records containing blood-alcohol test results “taken
by hospital personnel solely for medical purposes after a traffic accident.” State v.
Hardy, 963 S.W.2d 516, 527 (Tex. Crim. App. 1998). 
          Appellant argues that his blood sample was not taken “solely for medical
purposes.” However, the testing of blood for any chemicals is routine in any hospital
situation. Here, appellant’s blood tests included alcohol levels and also general
chemistry and hematology analyses. The medical records also reveal that the hospital
staff was concerned about appellant’s alcohol use; upon appellant’s admission to the
hospital, the nurses’ notes reveal that appellant had an odor of alcohol on his breath. 
To fix appellant’s dislocated knee, appellant had to be sedated with Versed and
Fentanyl. Thus, the medical staff’s knowledge of any chemicals in appellant’s blood,
including alcohol, could have impacted the type and amount of sedation given to
appellant. 
          As the record reveals that appellant’s blood was taken solely for medical
purposes, we find that appellant does not have a legitimate expectation of privacy in
his blood-alcohol test results. Hardy, 963, S.W.2d at 527. Because the Fourth
Amendment does not confer a reasonable expectation of privacy under these
circumstances, an accused does not have standing to assert an unreasonable search
or seizure under the Fourth Amendment or to challenge any defects in the grand-jury
subpoena process. See Garcia v. State, 95 S.W.3d 522, 526-27 (Tex. App.—Houston
[1st Dist.] 2002, no pet.); Dickerson v. State, 965 S.W.2d 30, 31 (Tex.
App.—Houston [1st Dist.] 1998, pet. dism’d, improvidently granted). Therefore,
appellant does not have standing to complain of any defects in the grand-jury
subpoena process.


 We overrule appellant’s point of error.  

Conclusion
 
We affirm the judgment. 



 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4.