Opinion issued January 29, 2004 














In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-02-01032-CR
          01-02-01033-CR
____________

JIMMIE ILES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 903749 and 904628



 
O P I N I O N
               Appellant, Jimmie Iles, was charged in two indictments with aggravated
robbery. The indictments included two enhancement paragraphs alleging that
appellant had twice been previously convicted of felony offenses. His counsel filed
motions to suppress his statement, his identification, and the fruits of the arrest. All
three motions were denied by the trial court after a hearing on September 9 and
September 10, 2002.



               On September 11, 2002, appellant pleaded guilty to aggravated robbery and
true to the allegations in the enhancement paragraphs with a plea bargain agreement
of 35 years’ confinement in each case. Appellant signed under oath a written waiver
of constitutional rights, agreement to stipulate to evidence, and judicial confession
in both cases. The documents provided, among other things, that appellant waived
any right of appeal if the trial court accepted the plea bargain agreement. The trial
court’s two pages of written admonishments were followed by a list of eight
representations appellant made to the court. Number five was the following:
I waive my right to appeal if the Court accepts the foregoing plea
bargain agreement between the prosecutor and me.

Like the “waiver of constitutional rights, agreement to stipulate to evidence, and
judicial confession,” this document was signed by appellant, his counsel, the
prosecutor, and the trial court. 
               The trial court proceeded to find appellant guilty of aggravated robbery in
both cases and, following the plea bargain agreement, assessed punishment at
confinement for 35 years.
               Appellant’s counsel filed a notice of appeal in each case. The notices
complied with the requirements of former Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure, in effect at that time, by specifying that the appeal was from
“the denial of his Motion to Suppress.” See Tex. R. App. P. 25.2(b)(3)(B), 948-949
S.W.2d (Texas Cases) LXI, XCVI (Tex. Crim. App. 1997) (amended effective Jan.
1, 2003). The trial court appointed appellate counsel, ordered preparation of the
reporter’s record without expense to appellant, and filed written findings of fact and
conclusions of law concerning the voluntariness of appellant’s statement.
               In a single point of error, appellant contends that the trial court erred in
overruling the motions to suppress his statement, his identification, and the fruits of
his arrest. The State argues that the appeals should be dismissed because appellant
waived his right to appeal. Appellant’s counsel did not file a reply to the State’s
brief. We agree with the State.
               A waiver of the right to appeal that was made voluntarily, knowingly, and
intelligently is valid and will prevent a defendant from appealing without the consent
of the trial court. Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003); Ex
parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978); Ex parte Dickey, 543
S.W.2d 99, 100 (Tex. Crim. App. 1976). Our first inquiry, then, is whether
appellant’s waivers of his right to appeal were made voluntarily, knowingly, and
intelligently.
               The record indicates that they were. Appellant and his counsel signed a
total of four documents, two in each case, at the time of appellant’s guilty pleas —
all of which included an express waiver of the right to appeal if the trial court
followed the plea agreement. The reporter’s record of the suppression hearing
contains no evidence of any intent to appeal. At the conclusion of the arguments on
the motions, the court simply denied them and there was no further discussion. There
is no reporter’s record of the plea proceedings because, according to the docket
sheets, the presence of a court reporter was waived. As stated above, the notices of
appeal include the handwritten notation that appellant was appealing “the denial of
his Motion to Suppress.” This does not refute the voluntariness of appellant’s
waivers. At best, it is ambiguous. We are not willing to hold — on the basis of this
recitation alone — that appellant’s waivers of his right to appeal were involuntarily,
unknowingly, and unintelligently made.
               These appeals are therefore very different from the situation presented in
Alzarka v. State, 90 S.W.3d 321, 323-24 (Tex. Crim. App. 2002). In that case, the
record was replete with references to the defendant’s intent to appeal the denial of her
pretrial motion, although the waiver-of-the-right-to-appeal language was included in
the plea papers that the defendant signed. The Court of Criminal Appeals concluded
that the failure to cross out the waiver language was an oversight, and that the record,
in which the trial judge and the parties “repeatedly made statements agreeing that
appellant would be permitted to appeal,” directly contradicted and rebutted any
presumption raised by the terms of the plea form. Id. We followed the Alzarka case
in Garcia v. State, 95 S.W.3d 522, 524-25 (Tex. App.—Houston [1st Dist.] 2002, no
pet.), because the record clearly showed that the defendant intended to appeal the
denial of his motion to suppress and that the State agreed to it, despite the waiver in
the plea documents.
               In the present appeals, by contrast, there is nothing in the clerk’s records or
the reporter’s record that expressly contradicts the validity of the waivers of the right
to appeal. We therefore conclude that appellant’s waivers of the right to appeal were
made voluntarily, knowingly, and intelligently.
                Our second inquiry is whether the trial court consented to the appeals
because the trial court’s permission to appeal overrides even a valid waiver of the
right to appeal. Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003). In that
case, the Court of Criminal Appeals explained:
[T]he trial court is in a better position to determine whether the
previously executed waiver of appeal was in fact validly executed
and if there is any arguable merit in appellant’s desire to appeal. 

Id.


 See also Monreal, 99 S.W.3d at 617 (valid waiver of appeal prevents defendant
from appealing without trial court’s consent); Tabor, 565 S.W.2d at 946 (same);
Dickey, 543 S.W.2d at 100 (same). In the Willis case, the notice of appeal included
a handwritten notation directly above the trial judge’s signature that read, “The trial
court grants permission to appeal.” Willis, 121 S.W.3d at 401. In Alzarka, 90 S.W.3d
at 323, the trial judge stated during the recorded plea hearing that the defendant had
permission to appeal. In Galliford v. State, 101 S.W.3d 600, 602-03 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d), this Court held that the trial court’s
written order granting permission to appeal rebutted the presumption that appellant
waived the right to appeal.
               In the present cases, however, neither the clerk’s nor the reporter’s records
include any permission to appeal by the trial court, and such may not even be implied
from the trial court’s actions.


 The actions of the trial court at the time appellant’s
counsel filed the notices of appeal and afterward were to: (1) grant trial counsel’s
motion to withdraw; (2) grant appellant’s request for appointed counsel on appeal and
a free record in response to his pauper’s affidavit; and (3) file findings of fact and
conclusions of law concerning the voluntariness of appellant’s statement. These
actions do not amount to permission to appeal. Once appellant’s counsel filed the
notices of appeal, the district clerk had a mandatory duty to forward them to the
proper appellate court. See In re Washington, 7 S.W.3d 181, 183 (Tex. App.
—Houston [1st Dist.] 1999, orig. proceeding); Tex. R. App. P. 25.2(e); see also
Brown v. State, 53 S.W.3d 734, 737 n.5 (Tex. App.—Dallas 2001, pet. ref’d). It was
then incumbent on the trial court to appoint counsel and order a free record if it found
that appellant remained indigent, regardless of whether it had granted permission to
appeal. See Douglas v. California, 372 U.S. 353, 357-58, 83 S. Ct. 814, 816-17
(1963); Griffin v. Illinois, 351 U.S. 12, 19, 76 S. Ct. 585, 590-91 (1956); Perez v.
State, 4 S.W.3d 305, 307 (Tex. App.—Houston [1st Dist.] 1999) (order) (“This Court,
not any other, retains the power to determine the existence and limits of its
jurisdiction which, in certain cases . . . will require a clerk’s record, a reporter’s
record, and the services of appellate defense counsel.”); see also Lyon v. State, 872
S.W.2d 732, 736 (Tex. Crim. App. 1994) (trial court’s order granting free record did
not constitute implied permission to appeal because record was clear trial court
denied permission to appeal). Finally, the entry of findings of fact and conclusions
of law on the voluntariness of a defendant’s confession is mandated by statute, and
therefore could not be indicative of permission to appeal. Green v. State, 906 S.W.2d
937, 938-40 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 38.22, § 6
(Vernon Pamph. 2004).
               We are not aware of any cases in which an appellant’s waiver of the right
to appeal was held to have been overridden by implied permission to appeal. Even
if implied permission were sufficient, however, we do not find any implied
permission to appeal in the instant cases. To hold otherwise would mean that
virtually any action taken by a trial court after the filing of a notice of appeal, even
those actions mandated by law, would be interpreted as permission to appeal and
would override an appellant’s valid waiver of his right to appeal.
               We hold that appellant’s waivers of his right to appeal in the instant cases
were made voluntarily, knowingly, and intelligently. We further hold that the trial
court did not consent to the appeals.

               We therefore order the appeals dismissed.
 
 
 
                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.

Publish. Tex. R. App. P. 47.2(b).