TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00770-CR






Christopher Richard Murray, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY

NO. 592233, HONORABLE ELISABETH ASHLEA EARLE, JUDGE PRESIDING



 

O P I N I O N


 Appellant Christopher Richard Murray was found guilty pursuant to a plea agreement
to the class B misdemeanor offense of driving while intoxicated. See Tex. Penal Code Ann. § 49.04
(West 2003). Prior to his plea, appellant filed a motion to suppress evidence that the trial court
denied. In one point of error, appellant contends the trial court erred in denying the motion to
suppress. We overrule appellant's point of error and affirm the judgment of conviction.


FACTUAL AND PROCEDURAL BACKGROUND

 Appellant was involved in a single vehicle collision in Travis County on January 28,
2004. An investigating officer at the scene of the collision placed appellant under arrest for DWI. 
Because appellant suffered injury from the collision, he was taken to a hospital for medical
treatment. As part of his treatment, hospital staff drew a sample of appellant's blood and tested it
for, among other things, alcohol content. The test results showed a blood-alcohol content of .252. 
While appellant was at the hospital, an officer requested a specimen of appellant's blood, but
appellant refused to provide one. By grand jury subpoena, the State obtained the results of the blood-alcohol test performed by hospital staff and issued a warrant for appellant's arrest. (1) 

 Prior to trial, appellant filed a motion to suppress the medical records that the State
obtained by grand jury subpoena. Appellant contended that the Health Insurance Portability and
Accountability Act of 1996 ("HIPAA") (2) restored an expectation of privacy in his medical records,
that HIPAA overruled or preempted contrary state law, and that he had standing to complain that his
medical records were obtained illegally. The trial court agreed that appellant had an expectation of
privacy in his medical records under HIPAA. The trial court, however, denied the motion to
suppress because the court found that the grand jury subpoena that the State used to obtain
appellant's medical records was proper under the exceptions contained in HIPAA. After the trial
court denied the motion to suppress, appellant entered into a plea agreement that preserved his right
to appeal. This appeal followed.


ANALYSIS

 In one point of error, appellant urges that the trial court erred in denying his motion
to suppress the State's medical record evidence, particularly the blood-alcohol test results. Appellant
contends that the State obtained the blood-alcohol test results by an unreasonable search under the
Fourth Amendment--the grand jury subpoena--and that the test results, therefore, should be
suppressed. See U.S. Const. amend. IV. Appellant contends, that by enacting HIPAA, Congress
recognized society's reasonable expectation of privacy in medical records. See Pub. L. No. 104-191,
110 Stat. 1936 (1996) (codified as amended at 42 U.S.C. §§ 1320d to 1320d-8 (2007)); State
v. Hardy, 963 S.W.2d 516, 523 (Tex. Crim. App. 1997) ("In determining whether an expectation of
privacy is viewed as reasonable by 'society,' the proper focus, under the Fourth Amendment, is upon
American society as a whole, rather than a particular state or other geographic subdivision."). 
Appellant contends that because he had a reasonable expectation of privacy in his medical records,
the blood-alcohol test results were protected under the Fourth Amendment.

 We review a trial court's ruling on a motion to suppress evidence under a bifurcated
standard of review, giving almost total deference to the trial court's determination of historical facts
and reviewing de novo the court's application of the law. Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000). "In considering a trial court's ruling on a motion to suppress, an
appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is
correct under any theory of law applicable to the case." State v. Steelman, 93 S.W.3d 102, 107
(Tex. Crim. App. 2002).

 Appellant urges that the court of criminal appeal's decision in Hardy, that addressed
and decided this precise issue unfavorably to appellant, is no longer binding on this Court after
HIPAA's enactment. See Hardy, 963 S.W.2d at 523-27. Appellant contends that HIPAA restores
the expectation of privacy in medical records that the court of criminal appeals in Hardy declined
to find. See id. at 527. (3) Appellant draws a distinction with Hardy and courts of appeals' decisions
that have followed Hardy because HIPAA did not apply to those cases--the blood-alcohol test
results were obtained before the effective date of HIPAA, generally April 14, 2003. See 45 C.F.R.
§ 164.534 (2006) (compliance dates for initial implementation of the privacy standards); Ramos
v. State, 124 S.W.3d 326, 330, 336-37 (Tex. App.--Ft. Worth 2003, pet. ref'd) (test results obtained
in 2002); Tapp v. State, 108 S.W.3d 459, 460-62 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd)
(test results obtained in 2001); Garcia v. State, 95 S.W.3d 522, 523, 526-27 (Tex. App.--Houston
[1st Dist.] 2002, no pet.) (test results obtained in 2000); see also Alvarez v. State, No. 03-01-00532-CR, 2002 Tex. App. LEXIS 2215, at *5-7 (Tex. App.--Austin 2002, no pet.) (not designated for
publication) (test results obtained prior to HIPAA's enactment). (4) Appellant's medical records in
contrast were subpoenaed after the effective date of HIPAA.

 Pursuant to HIPAA, the federal Department of Health and Human Services
promulgated privacy standards for individual medical information (the "Privacy Rule"). See
Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82,462 (Dec. 28,
2000) (codified as amended at 45 C.F.R. §§ 160 & 164 (2006)). (5) The Privacy Rule applies to health
plans, health care clearinghouses, and health care providers who transmit health information in
electronic form in connection with transactions covered by the regulations. 45 C.F.R. § 164.104
(2006). The stated purposes for the regulations include the protection and enhancement of
consumers' rights of access to their health information and the control of the "inappropriate use of
that information." 65 Fed. Reg. at 82,463. The Privacy Rule establishes:


 . . . for the first time, a set of basic national privacy standards and fair information
practices that provides all Americans with a basic level of protection and peace of
mind that is essential to their full participation in their [health] care. The rule sets a
floor of ground rules for health care providers, health plans, and health care
clearinghouses to follow, in order to protect patients and to encourage them to seek
needed care. The rule seeks to balance the needs of the individual with the needs of
society.



Id. at 82,464. A "standard, requirement, or implementation specification" adopted under the Privacy
Rule generally preempts contrary state laws. 45 C.F.R. § 160.203 (2006).

 Appellant urges that because HIPAA and the Privacy Rule recognize a reasonable
expectation of privacy in medical records, Hardy is no longer binding on this Court. The issue
before the court of criminal appeals in Hardy, however, was not whether society generally
recognized a reasonable expectation of privacy in medical records. 963 S.W.2d at 523-27. The court
faced a more specific and narrow issue--the expectation of privacy in blood-alcohol test results
obtained after an accident solely for medical purposes. The court held that a defendant did not have
an expectation of privacy in blood-alcohol test results in that situation:


 We express no opinion concerning whether society recognizes a reasonable
expectation of privacy in medical records in general, or whether there are particular
situations in which such an expectation might exist. We note only that, given the
authorities discussed, whatever interests society may have in safeguarding the privacy
of medical records, they are not sufficiently strong to require protection of
blood-alcohol test results from tests taken by hospital personnel solely for medical
purposes after a traffic accident.



Id. at 527.

 Further, HIPAA and the Privacy Rule are not inconsistent with Hardy's limited
holding in the context of DWI. HIPAA and the Privacy Rule do not create an absolute right to the
protection of medical records from disclosure without consent, recognizing that a patient's right to
privacy in his medical records must be balanced with the needs of society. See 65 Fed. Reg. at
82,464. An entity covered by the regulations is expressly authorized to disclose health information
that is otherwise protected under HIPAA without a patient's consent in numerous situations,
including for law enforcement purposes pursuant to a grand jury subpoena. See 45 C.F.R.
§ 164.512(f)(1)(ii)(B) (2006). (6) Accordingly, we cannot conclude that HIPAA and the Privacy Rule
overruled or preempted Hardy. Because we have concluded that Hardy remains binding on this
Court, absent contrary guidance or instruction from the court of criminal appeals, we are compelled
to follow the existing case law on this precise issue. See Ramos, 124 S.W.3d at 337.

 Appellant also cites to Ferguson v. City of Charleston, 532 U.S. 67, 78 (2001), to
support his position that the grand jury subpoena was an illegal search under the Fourth Amendment. 
In Ferguson, the Supreme Court stated:


 The reasonable expectation of privacy enjoyed by the typical patient undergoing
diagnostic tests in a hospital is that the results of those tests will not be shared with
non-medical personnel without her consent.


 

Id. At issue in Ferguson was a policy implemented by the police, a state hospital, and local officials
to obtain evidence that could be used to prosecute women who bore children that tested positive for
drugs at birth. Id. at 69-71. Under the policy, the state hospital, in connection with the police, tested
urine samples of patients suspected of drug use without their consent or knowledge. Id. at 70-73. 
The Supreme Court held that without the patient's consent, a state hospital's performance of
diagnostic tests to obtain evidence of a patient's criminal conduct for law enforcement purposes was
an unreasonable search. Id. at 84-85. Appellant does not contend, however, that the hospital
performed the blood test on him at the State's request or for law enforcement purposes. Unlike in
Ferguson, here, it is undisputed that hospital staff obtained appellant's blood sample for medical
treatment. In taking the sample, staff was not acting as an agent of law enforcement. The holding
in Ferguson does not support the suppression of appellant's blood-alcohol test results.

 Finally, appellant argues that the blood-alcohol test results should have been
suppressed under article 38.23 of the code of criminal procedure because the results were not
obtained in compliance with the grand jury subpoena process. See Tex. Code Crim. Proc. Ann. art.
38.23 (West 2005). Having held that appellant did not have a reasonable expectation of privacy with
respect to his blood-alcohol test results, appellant does not have standing to complain of any alleged
defects in the subpoena process. See Ramos, 124 S.W.3d at 339; Tapp, 108 S.W.3d at 461.


CONCLUSION

 We overrule appellant's point of error, and we affirm the judgment of conviction. 

 


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed 

Filed: December 19, 2007

Publish
1. The State also subpoenaed appellant's medical records in August 2004 by means of a
subpoena duces tecum. The trial court ruled that this subpoena was not valid, and the August
subpoena is not at issue on appeal.
2. Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified as amended at 42 U.S.C. §§ 1320d
to 1320d-8 (2007)).
3. The trial court agreed with appellant that he had a reasonable expectation of privacy in his
blood-alcohol test results under HIPAA, but denied the motion to suppress on other grounds. We
disagree with the trial court's conclusion concerning appellant's expectation of privacy, but uphold
the trial court's denial of the motion to suppress. See State v. Steelman, 93 S.W.3d 102, 107
(Tex. Crim. App. 2002). The ruling was correct under a "theory of law applicable to the case." Id.
4. At least one court of appeals has addressed and rejected a Fourth Amendment expectation
of privacy in blood-alcohol test results that were obtained after HIPAA's effective date. See State
v. Cupp, No. 05-05-00537-CR, 2006 Tex. App. LEXIS 5475, at *4 (Tex. App.--Dallas 2006, no
pet.) (not designated for publication); see also Jacques v. State, No. 06-05-00244-CR, 2006 Tex.
App. LEXIS 10430, at *3 (Tex. App.--Texarkana 2006, no pet.) (not designated for publication)
(defendant failed to preserve issue).
5. Congress contemplated that within a year of HIPAA's enactment, the Secretary of the
Department of Health and Human Services would submit detailed recommendations on standards
with "respect to the privacy of individually identifiable health information" to Congress. Pub. L. No.
104-191, § 264(a)-(b), 110 Stat. at 2033. Because Congress did not enact further legislation within
three years of HIPAA's enactment, the Secretary promulgated final regulations containing such
standards. Id. § 264(c), 110 Stat. at 2033.
6. The text of the exception for grand jury subpoenas reads:


 (f) Standard: Disclosures for law enforcement purposes. A covered entity may
disclose protected health information for a law enforcement purpose to a law
enforcement official if the conditions in paragraphs (f)(1) through (f)(6) of this
section are met, as applicable. . . .

 

 (1) Permitted disclosures: Pursuant to process and as otherwise
required by law. A covered entity may disclose protected health
information: . . . 

 

 (ii) In compliance with and as limited by the relevant
requirements of: . . .


 (B) A grand jury subpoena; . . .


45 C.F.R. § 164.512(f)(1)(ii)(B) (2006).