PD-0433-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/14/2015 8:44:08 AM
Accepted 1/14/2015 9:45:55 AM
ABEL ACOSTA
CLERK



# Texas Criminal Defense Lawyers Association

**Officers**
President
Emmett Harris, Uvalde
President-Elect
Samuel E. Bassett, Austin
1st Vice President
John A. Convery, San Antonio
2nd Vice President
David E. Moore, Longview
Treasurer
Mark Snodgrass, Lubbock
Secretary
Kerri Anderson-Donica, Corsicana
General Counsel
Patricia J. Cummings, Austin
Editor, Voice for the Defense
Michael Gross, San Antonio
Editor, Significant Decisions Report
Kathleen Nacozy
Immediate Past President
Bobby Mims, Tyler
Executive Director
Joseph A. Martinez, Austin

**Directors**
Susan E. Anderson, Dallas
Marjorie Bachman, Austin
Heather J. Barbieri, Plano
Rick Berry, Marshall
Fred C. Brigman, San Angelo
Clint Broden, Dallas
Jim Darnell Sr., El Paso
Nicole DeBorde, Houston
Emily Detoto, Houston
Donald H. Flanary, San Antonio
Stephen Gordon, Haltom City
Deandra M. Grant, Richardson
Michael C. Gross, San Antonio
Melissa L. Hannah, Lufkin
Theodore "Tip" Hargrove, San Angelo
Jo Ann Jacinto, El Paso
Steve A. Keathley, Corsicana
Laurie L. Key, Lubbock
Jeanette Kinard, Austin
Adam L. Kobs, San Antonio
Michael A. McDougal, Conroe
George R. Milner lll, Dallas
Angela J. Moore, San Antonio
David P. O'Neil, Huntsville
Anthony C. Odiorne, Burnet
Stephanie K. Patten, Fort Worth
Oscar O. Pena, Laredo
Bruce Ponder, El Paso
Carole J. Powell, El Paso
Bennie Ray, Austin
Ray Rodriguez, Laredo
Sarah E. Roland, Denton
John Hunter Smith, Sherman
Edward A. Stapleton, Brownsville
Clay B. Steadman, Kerrville
George Taylor, San Antonio
Gary Alan Udashen, Dallas
Oscar Vega, McAllen
Coby Waddill, Denton
Jani Wood, Houston

**Associate Directors**
Roberto Balli, Laredo
Robert Barrera, San Antonio
Curtis Barton, Huntsville
Michael Head, Athens
Susan Kelly Johnston, Waco
Bradley Lollar, Dallas
Louis Elias Lopez, El Paso
Hiram McBeth, Dallas
Audrey Moorehead, Dallas
Simon Purnell, Corpus Christi
Jeremy Rosenthal, McKinney
David Ryan, Houston
Frank Sellers, Lubbock
Monique Sparks, Houston
Courtney Stamper, Waxahachie
Mark Thiessen, Houston

TCDLA founded in 1971

January 14, 2015

Hon. Abel Acosta, Clerk
Court of Criminal Appeals
Post Office Box 12308
Austin, Texas 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

January 14, 2015

ABEL ACOSTA, CLERK

Subject: *State v. Huse*; PD-0433-14

Dear Mr. Acosta:

I am writing to the Court on behalf of the Texas Criminal Defense Lawyers Association ("TCDLA"), the largest state association for criminal defense attorneys in the nation. TCDLA started more than 40 years ago as a small, nonprofit association and has grown into a state-of-the-art organization, providing assistance, support and continuing education to its members. TCDLA represents the interests and views of criminal defense lawyers across the state, both in the legislature and before the courts as *amicus curiae* in important criminal and civil cases. As required by Rule 11, Tex.R.App.Pro., neither TCDLA nor any of the attorneys representing TCDLA have received any fee or other compensation for preparing this brief.

In the above captioned case, the Court has granted review on two separate questions:

1. After State v. Hardy, does a citizen have standing to challenge the process by which his medical records are obtained?

2. Must the State comply with federal requirements under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) to obtain a citizen's medical records, and if it fails to do so, is there any remedy?

6808 Hill Meadow Drive  |  Austin, TX 78736  |  (512) 478-2514 p  |  (512) 469-9107 f  |  www.tcdla.com

Please accept this letter as a brief for TCDLA as *Amicus Curiae*, and advise the members of the Court that, although TCDLA takes no specific position on the second ground, it strongly believes the answer to the first ground is "yes." We urge the Court to find that, in light of the adoption of HIPAA by the Congress of the United States, it is clear that a citizen does have standing to challenge the process by which his medical records are obtained.

TCDLA is aware that, in *State v. Hardy*, 963 S.W.2d 516 (Tex.Cr.App. 1997), the Court held that there is no expectation of privacy in these type of medical records (results of blood tests). Indeed, relying on *Hardy* (and other cases), the Court of Appeals held that there is no expectation of privacy in one's blood-alcohol test results when the blood is obtained by hospital personnel after a traffic accident for medical purposes. Thus, the Court of Appeals wrote, "Appellee lacks standing to assert that using a grand jury subpoena to obtain his blood results constituted an unreasonable search and seizure." *State v. Huse*, 07-12-00383-CR (Tex.App. - Amarillo; March 6, 2014).

In *Hardy*, however, Judge Price led a four judge minority in dissenting. He argued that "society does recognize one's expectation of privacy in medical records because society's expects a physicians to make affirmative efforts to ensure the confidentiality of the client's records." TCDLA agrees with Judge Price and his fellow dissenters in *Hardy*.

The distinction between the expectation of privacy one has in his or her body vis-a-vis the drawing of blood and the expectation of privacy one has in the results of the testing of that blood is a distinction without difference. The core question is whether society recognizes one's expectation that his or her medical records will be kept confidential. TCDLA would suggest that

the passage of HIPPA by the United States Congress, the representatives of the people, has answered this question.

It must be noted that, although HIPAA is at the heart of the second issue, it was not in effect at the time of *Hardy*.  The initial date for covered entities, such as the hospital in this case, to comply with the privacy standards of HIPPA was April 14, 2003.  See 45 C.F.R. § 164.534 (2002).  The initial determination to be made is whether HIPAA overruled *Hardy*.  Appellee's brief suggests that it has (P. 22 of 41), while the State's brief suggests it has not (P. 20).  TCDLA agrees with Appellee.

TCDLA is aware that several of the Courts of Appeals have held that HIPAA does not preempt *Hardy*. See, e.g., *Kirsch v. State*, 276 S.W.3d 579, 586-587 (Tex. App. - Houston [1st] 2008), aff'd on other grounds, *Kirsch v. State*, 306 S.W.3d 738 (Tex.Cr.App. 2010);[1] *Murray v. State*, 245 S.W.3d 37, 42 (Tex. App. - Austin 2007).  Nevertheless, it is clear that HIPAA trumps *Hardy*, at least in a general sense.

Pursuant to HIPAA, individually identifiable medical information cannot be disclosed by covered entities without the consent of the individual unless disclosure is expressly  permitted by HIPAA. See 45 C.F.R. § 164.502; *U.S. v. Zamora*, 408 F. Supp.2d 295 (S.D.Tex. 2006); *Kennemur v. State*, 280 S.W.3d 305, 312 (Tex. App. - Amarillo 2008).  Disclosure is only permitted without authorization from the individual in several limited circumstances:

---

[1] Judge Price filed a dissenting opinion in ***Kirsch*** and was joined by Judge Meyers.  The dissent is not relevant to the issue now before the Court.

> A covered entity may use or disclose protected health information to the extent that such use or disclosure is <u>required by law</u> and the use or disclosure complies with and is limited to the relevant requirements of such law.

45 C.F.R. § 164.512 (emphasis added).

Thus, a "covered entity" may only deliver one's medical records when there is either consent of the entity's patient or the entity is compelled to do so by some legal process. Accordingly, there can be no other way to interpret the limited authority of a "covered entity" to divulge medical records than to say that there is a "reasonable" expectation of privacy in one's medical record.

TCDLA believes that a challenge to the manner in which the State obtained one's medical records from the third party "covered entity" would be similar to the right of a passenger in an automobile to challenge the legality of the search in certain circumstances.  See, *Brendlin v. California*, 551 U.S. 249, 251 (2007), in which the Supreme Court held that the passenger of a vehicle has standing to contest the legality of the traffic stop that results in his own detention. See also *Kothe v. State*, 152 S.W.3d 54, 63-64 (Tex.Cr.App. 2004), in which the Court of Criminal Appeals found that the defendant had standing under *Wong Sun v. United States*, 371 U.S. 471 (1963), to complain about the seizure of a controlled substance from his companion's bra, because it was "come at by" the exploitation of an illegal detention.

Thus, the answer to the first ground on which review was granted clearly has to be that, because of the reasonable expectation of privacy demonstrated in HIPAA, a defendant does have standing to challenge the process by which his or her medical records were obtained.  To

the extent that *Hardy* would suggest that there is <u>never</u> standing to mount such a challenge, HIPAA has preempted *Hardy*.

## Conclusion

To the extent it would be interpreted to say a defendant <u>never</u> has standing to challenge the manner in which his or her medical records were obtained, HIPAA has preempted *Hardy*. A citizen has a reasonable expectation of privacy, and has the right to expect that there will be full compliance with HIPAA before his or her medical records are turned over to the authorities by the "covered entity" with whom he or she has a professional relationship.

Respectfully submitted,

Emmett Harris
Attorney at Law and President of TCDLA
625 Cenizo Blvd
Uvalde, Texas  78801
Tel. 210-422-7055
eMail: emmettharrislaw@gmail.com
State Bar Card No. 09092000

Patricia J. Cummings
Attorney at Law and General Counsel for TCDLA
6808 Hill Meadow Drive
Austin, Texas 78736
Tel. (512) 478-2514
eMail: pcummings@tcdla.com
Texas State Bar Card No. 05227500

Gena Blount Bunn
Holmes & Moore, P.L.L.C.
110 West Methvin Street
Longview, Texas 75601
Tel. (903) 758-2200
eMail: gbunn@holmesmoore.com
State Bar Card No. 00790323

Angela Moore
Attorney at Law
310 South St. Marys Street, Suite 1830
San Antonio, Texas 778205
Tel. (210) 364-0013
eMail: amoorelaw@aol.com
State Bar Card No. 14320110

David A. Schulman
Attorney at Law
Post Office Box 783
Austin, Texas 78767-0783
Tel. 512-474-4747
Fax: 512-532-6282
eMail: zdrdavida@davidschulman.com
State Bar Card No. 17833400
Attorneys for TCDLA

Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 1326 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on January 14, 2015, a true and correct copy of the above and foregoing "Brief for Texas Criminal Defense Lawyers Association as Amicus Curiae" was transmitted via the eService function on the State's eFiling portal, to Jeffrey S. Ford (jford@co.lubbock.tx.us), counsel of record for the State of Texas, as well as Chuck Lanehart (chucklanehart@lubbockcriminaldefense.com) and Charles Blevin (charles@attorneyinlubbock.com), counsel of record for Appellee, Hayden Huse.

David A. Schulman